Citation Nr: 1448539 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 10-17 649 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to service connection for residuals of a right lower extremity shell fragment would (SFW) with retained foreign body.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 

INTRODUCTION

The Veteran had active military service from August 1967 to August 1969.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

In February 2011, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ) and accepted that hearing in lieu of an in-person hearing before a VLJ. A transcript of that hearing has been associated with the claims file. In February 2014, the Board remanded the Veteran's right lower extremity claim for further development. The case has now been returned to the Board.

FINDING OF FACT

The Veteran does not have residuals of a right lower extremity SFW with retained foreign bodies.


CONCLUSION OF LAW

Residuals of a right lower extremity SFW with retained foreign bodies were not incurred in active service. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA will assist a claimant in obtaining evidence necessary to substantiate a claim, but is not required to provide assistance to a claimant if there is no reasonable possibility that assistance would aid in substantiating the claim. VA must also notify the claimant of any information, and any medical or lay evidence, not previously provided to VA that is necessary to substantiate the claim. 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2014). As part of the notice, VA must specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant.

Notice to a claimant should be provided at the time or immediately after, VA receives a complete or substantially complete application for benefits. 38 U.S.C.A. § 5103(a) (West 2002); Pelegrini v. Principi, 18 Vet. App. 112, (2004). The timing requirement applies equally to the rating and effective date elements of a service connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

Here, the Board finds that the Veteran has been provided adequate notice in response to his claim. The record shows that the Veteran was mailed a letter in June 2009 advising him of what the evidence must show and of the respective duties of VA and the claimant in obtaining evidence. The June 2009 letter also provided the Veteran with appropriate notice with respect to the disability rating and effective date elements of his claims. 

Further, the Board finds that the Veteran has been afforded adequate assistance in response to his claim. The Veteran's service treatment records (STRs) are of record. Private treatment notes have been obtained. The Veteran has been provided appropriate VA examinations. Neither the Veteran nor his representative has identified any outstanding evidence, to include medical records, which could be obtained to substantiate the claims. The Board is also unaware of any outstanding evidence. 

Legal Criteria

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2014). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. § 3.102 (2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

Analysis

The Veteran asserts that he has residuals of a right lower extremity SFW that he sustained in active service, to include retained foreign bodies. STRs are silent for complaints of, or treatment for, residuals of a right lower extremity SFW in active service. STRs do not indicate that the Veteran reported sustaining a SFW to his right lower extremity during active service. His lower extremities were noted to be clinically normal upon separation examination in May 1969, and there were no right leg scars identified under the section of the examination report identifying body marks, scars, or tattoos. 

A review of the post-service medical evidence of record does not show that the Veteran has been treated for, or diagnosed with, residuals of a right lower extremity SFW, to include retained foreign bodies. 

At a February 2010 VA examination, the Veteran reported sustaining SFWs to his legs when in a tunnel while serving in the Republic of Vietnam. He reported that he was struck by shrapnel and sustained small cuts and abrasions on both legs, which were cleaned and from which he made a complete recovery. However, he reported that, since that time, he would occasionally develop what looked like an ingrown hair on his leg which would actually turn out to be a foreign body coming through the skin. No physical findings were shown to support the Veteran's report of a SFW to his right lower extremity. Further, X-rays of the Veteran's right knee did not reveal any retained foreign bodies. 

At a January 2012 VA examination, the Veteran reported having shrapnel removed from his left knee, but did not report any shrapnel removal from his right lower extremity. There was no diagnosis of any residuals of a right lower extremity SFW, to include retained foreign bodies, made at that time. 

At a March 2012 VA examination, there was no indication that the Veteran had residuals of a right lower extremity SFW. At that time, X-rays of the right knee failed to reveal any retained foreign bodies. 

At a May 2014 VA examination, the Veteran reported that he was unaware of any shrapnel in his right leg. Additionally, there was no indication that the Veteran had any sort of residuals from a right lower extremity SFW. X-rays of the right fibula, tibula, and femur failed to reveal foreign bodies (shrapnel) in the Veteran's right leg. The examiner specifically noted that there was no residual right lower extremity disability due to shrapnel. 

For a disability to be service connected, it must be present at the time a claim for VA disability compensation is filed or during the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319 (2007). In the current appeal, the Board acknowledges that the February 2010 VA examiner noted that the Veteran had well-healed abrasions to his right lower extremity from possible shrapnel injury. However, the other medical evidence of record tends to show not only that the Veteran does not have residuals of a right lower extremity SFW, but that he has not even consistently reported right lower extremity SFW residuals. Further, all the X-ray reports of record are negative for findings or retained foreign bodies anywhere in the right leg. Moreover, no scars have been shown. Therefore, the Board finds that the Veteran does not have residuals of a right lower extremity SFW, to include retained foreign bodies or scarring. 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and that entitlement to service connection for residuals of a right lower extremity SFW with retained foreign body is not warranted. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


(CONTINUED ON NEXT PAGE)
ORDER

Entitlement to service connection for residuals of a right lower extremity SFW with retained foreign body is denied.



____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs