Citation Nr: 1504655 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 10-13 395 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho


THE ISSUE

Entitlement to service connection for right ear hearing loss.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 2002 to September 2002, January 2003 to March 2004, and November 2010 to December 2011, and apparently returned to active duty in November 2012 with discharge pending.
 
This appeal comes before the Board of Veterans' Appeals (Board) from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2014, the Board remanded the issue of entitlement to service connection for right ear hearing loss for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While further delay is regrettable, the Board finds that additional development is needed prior to adjudication of this claim.

The Board notes that the Veteran had a VA audiology examination in October 2014 wherein the examiner stated that it was less likely than not that the Veteran's right ear hearing loss was caused by his military service because the October 2014 examination did not reveal current right ear hearing loss. However, in November 2008 the Veteran was found to have right ear hearing loss as indicated by a Maryland CNC score of 84 percent in his right ear. 

In this regard, for the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater, or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, 4000 Hertz are 26 decibels or greater, or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

The presence of a disability at any time during the course of the claim is sufficient to establish the "current disability" requirement for service connection. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (noting that the "current disability" required for service connection includes disability at the time of filing or during the pendency of a claim). Here, the Veteran did meet the criteria for a hearing loss disability in the right ear under 38 C.F.R. § 3.385 based on a speech recognition score of less than 94 percent in his right ear on the November 2008 VA contract examination. Thus, an addendum opinion is necessary to determine whether the right ear hearing loss noted on the 2008 examination is related to the Veteran's military service.

Relevant ongoing medical records should also be requested. 38 U.S.C.A. § 5103A(c) (West 2014).

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to provide the names and addresses of all medical care providers, both VA and private, who have treated him for right ear hearing loss. After securing the necessary release, the AOJ should request any relevant records identified. If any requested records are not available, the Veteran should be notified of such. 

2. After the above has been completed to the extent possible, forward the Veteran's claims file to the examiner who conducted the October 2014 examination, if available, to obtain an addendum opinion. The claims file must be reviewed by the examiner. If the original examiner is not available, the claims file should be forwarded to an examiner of similar qualifications. 

Following a review of the claims file, the examiner should provide an opinion as to whether the Veteran's right ear hearing loss noted on the November 2008 examination (based on speech recognition score of 84 percent), was at least as likely as not (50 percent probability or greater) caused by the Veteran's military service, to include noise exposure therein. Please explain why or why not.

3. After completing the requested actions, and any additional action deemed warranted, the AOJ should readjudicate the claim on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



____________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).