http://www.va.gov/vetapp16/Files4/1634358.txt

Citation Nr: 1634358 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 09-11 971 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey

THE ISSUES

1. Entitlement to service connection for a right knee disorder.

2. Entitlement to service connection for a left knee disorder.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel

INTRODUCTION

The Veteran had active service in the United States Army from February 1975 to February 1978. While serving with the New Jersey Army National Guard, the Veteran was ordered to active duty from January 2004 to March 2005 in accordance with 10 U.S.C. § 12302 (2015). The Veteran served in Southwest Asia during the Persian Gulf War.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey.

The AOJ scheduled the Veteran for a hearing before the Board in January 2011. The Veteran did not appear for this hearing, and a handwritten note stated that he requested that the hearing be rescheduled. The AOJ again scheduled the Veteran for a videoconference hearing in November 2014; however, the Veteran did not attend, and he has not requested that the hearing be rescheduled or provided good cause. As a result, the Board will consider the Veteran's hearing request withdrawn. See 38 C.F.R. § 20.704 (d) (2015).

In February 2015 and December 2015, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for further development. The appeal has now been returned to the Board for appellate disposition. 

This appeal was processed using the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

Although the Board sincerely regrets the delay, a remand is necessary before the claim can be decided on the merits.

The Board most recently remanded this appeal in December 2015 for a VA examination to be scheduled to determine the nature and etiology of the bilateral knee disorder. Per the Board's remand directives, the AMC scheduled the Veteran for a VA examination and opinion in February 2016. The Veteran failed to report for the February 2016 VA examination, and has not provided good cause for his absence. The usual result of not appearing for the scheduled VA examination is that his claim will be considered based on the remaining evidence of record. 38 C.F.R. § 3.655(b) (2015). Here, however, the Board finds that a VA medical opinion is still necessary in order to satisfy VA's duty to assist the Veteran, as this opinion is needed before the claim can be decided on the merits. Specifically, the prior May 2015 VA examiner provided a negative nexus medical opinion based on the sole rationale that the Veteran had a normal examination of the bilateral knees. However, VA examinations conducted in August 2010 and February 2013 (during the course of the appeal) show assessments of mild right knee degenerative joint disease. VA X-rays from February 2011 also show arthritis with small joint fluid in the left knee. A "current disability" required for service connection includes a disability at the time of filing or during the pendency of a claim. See McClain v. Nicholson, 21 Vet. App. 319 (2007). Thus, based on the Veteran's bilateral knee diagnoses and the in-service documentation, the Board must again remand these claims for a VA medical opinion to be obtained based on the current evidence of record.

Accordingly, the case is REMANDED for the following actions:

1. Obtain a VA addendum medical opinion from the May 2015 VA examiner. If the VA examiner is not available, obtain a VA medical opinion from another VA examiner. Do not schedule the Veteran for a VA examination. The claims file and all pertinent medical records must be made available to the examiner for review.

Based on a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's diagnosed arthritis of the knees (as shown on VA examination in August 2010 and February 2013 and on x-rays taken in February 2011) had its onset in service or is etiologically related to service. In providing the opinion, the examiner should consider the Veteran's service in Southwest Asia during the Persian Gulf War, the Veteran's lay statements of knee pain during and since service, and the January 2005 Post-Deployment Health Assessment wherein the Veteran checked "swollen, stiff, or painful joints."

All opinions provided must be thoroughly explained, and an adequate rationale for any conclusions reached must be provided. If any requested opinion cannot be provided without resort to speculation, the examiner should state and explain why an opinion cannot be provided without resort to speculation.

2. After completing the above action and any other development as may be indicated, the claim must be readjudicated. If the claim remains denied, a Supplemental Statement of the Case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
TANYA SMITH 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).