Citation Nr: 1706055 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 10-32 708 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder. 


REPRESENTATION

Appellant represented by: Christa A. McGill, Esq.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Grace J. Suh, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from June 1973 to June 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In July 2014, the Veteran testified before the undersigned Veterans' Law Judge (VLJ) at a travel Board hearing; a transcript of which has been associated with the claims file. 

In September 2014, the Board recharacterized the claim to a claim for service connection for an acquired psychiatric disorder noting that while the October 2008 rating decision on appeal denied service connection for a "mental disorder," the record contained diagnoses of several different psychiatric disorders. See Clemons vs. Shinseki, 23 Vet. App. 1 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the veteran's description of the claim, reported symptoms, and the other information of record). 

Further, in September 2014, the Board remanded this matter for additional evidentiary development prior to the adjudication of the claim.

The Board has reviewed the Veteran's electronic claims files in both Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.





REMAND

During the pendency of the claim, the Veteran has been diagnosed with post-traumatic stress disorder (PTSD), mood disorder, depressive disorder, anxiety, alcohol dependence, cocaine dependence, and substance induced mood disorder. See April 2008 North Carolina Department of Health and Human Services Disability Determination Evaluation (mood disorder not otherwise specified, and alcohol dependence); see October 2008 VA PEC Intake Assessment (mood disorder not otherwise specified and anxiety not otherwise specified); see November 2008 VA Psychiatry - PEC General Mental Health Outpatient Note (PTSD); see November 2008 VA PEC General Mental Health Outpatient Note (substance induced mood disorder); see December 2008 VA SOAP Medical/Psychiatric Evaluation (alcohol dependence, cocaine dependence, and depressive disorder not otherwise specified); see January 2009 VA Substance Abuse Treatment Program Note (Veteran met the criteria for PTSD); see November 2009 VA SOAP Psychiatric Management Note (PTSD) see February 2013 VA PEC General: PEC Evaluation (PTSD, alcohol dependence and cocaine dependence).

While the Veteran has not consistently carried these diagnoses, the record indicates there is sufficient evidence suggesting the existence of current disabilities consisting of various acquired psychiatric disorders for VA compensation purposes. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (holding that the requirement of a "current disability" is satisfied when a veteran has a disability at the time he files his claim or has a disability during the pendency of the claim, even if the disability resolves prior to adjudication of the claim); see also Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013) (holding that when the record contains a recent diagnosis of a disability prior to the filing of the claim based on the same, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during the pendency of the claim).

Although the Veteran was afforded a VA examination in April 2016, the examiner did not discuss all of the above mentioned diagnoses in rendering her diagnoses of alcohol dependence and cocaine dependence. Consequently, the Board finds an addendum opinion is necessary in order to reconcile such prior diagnoses with the examiner's April 2016 findings. If the prior diagnoses cannot be reconciled with the April 2016 findings, then an opinion regarding the nature and etiology of these diagnoses is necessary.
 
With regard to the Veteran's claimed PTSD, he has identified three different stressors he claims occurred in-service; (1) witnessing the suicide by self-inflicted gunshot wound of a fellow service member, (2) witnessing a severe burn injury of a fellow service member from a cooking truck explosion, and (3) witnessing the death of a fellow service member in an automobile/train accident. See July 2014 Board Hearing Transcript; see also October 2012 Decision Review Office (DRO) Hearing Transcript. 

In accordance with the Board's September 2014 remand directives, the RO attempted to verify each of the above mentioned in-service stressors by reaching out to the Joint Services Records Research Center (JSRRC). 

With respect to the first stressor, in line with the Veteran's testimony at the July 2014 Board hearing, the RO requested that JSRRC search records from Fort Bragg, North Carolina for a date range between March 1, 1974 and April 29, 1974 pertaining to a suicide by PFC S. from a self-inflicted gunshot wound. See July 2014 Board Hearing Transcript at 5 (Veteran believed the incident occurred around March 1974); see October 2015 Defense Personnel Records Information Retrieval System (DPRIS) PTSD Stressor 1 Request. 

With respect to the second stressor, the RO requested that JSRRC search records from Germany for a date range between December 1, 1974 and January 29, 1975 pertaining to a severe burn injury sustained by a service member as a result of a cooking truck explosion. See October 2015 DPRIS PTSD Stressor 2 Request. While the date range of this request was not in line with the Veteran's testimony at either the October 2012 DRO hearing or the July 2014 Board hearing, the review conducted by JSRRC encompassed the entire 1975 calendar year, which covered the timeframe claimed by the Veteran. See October 2012 DRO Hearing Transcript at 14 (Veteran testified that he recalled the incident occurred about three months after he began his tour in Germany around April 1975); see July 2014 Board Hearing Transcript (Veteran testified that it happened a little bit before he got in trouble in March 1975, but after the New Year); see November 2015 DPRIS Response (advising that JSRRC was unable to locate any documentation of a severe burn injury sustained by the service member identified by the Veteran in the 1975 calendar year).

However, with respect to the third stressor, the RO requested that JSRRC search records from Germany for a date range between November 1, 1974 and December 30, 1974, which did not correspond to the timeframe claimed by the Veteran at the October 2012 DRO hearing. See October 2015 DPRIS PTSD Stressor 3 Request; see also October 2012 DRO Hearing Transcript at 17. At the October 2012 DRO hearing, the Veteran stated that he witnessed the car of a fellow service member go through the guardrails and get hit by a train while he was stationed in Germany in the later part of 1975, around December. Id. As the RO did not request a search of the relevant date range, the Board finds that another attempt to verify the third in-service stressor is necessary.

Accordingly, the case is REMANDED for the following action:

1. Contact JSRRC and any other appropriate record centers, in order to verify the third PTSD in-service stressor claimed by the Veteran, more specifically, the claim that in the later part of 1975, around December, an unnamed service member died as a result of an automobile/train accident in Germany.

2. Then, return the Veteran's claims file to the April 2016 VA examiner for an addendum opinion. If the April 2016 VA examiner is unavailable, the addendum opinion should be rendered by another appropriate medical professional. The need for another clinical evaluation is left to the discretion of the medical professional offering the addendum opinion.
The electronic claims file should be made available to the examiner. 

After reviewing the record, the examiner should:

a. Attempt to reconcile all prior diagnoses in evidence during the appeal, to include post-traumatic stress disorder, mood disorder, depressive disorder, anxiety, alcohol dependence, cocaine dependence, and substance induced mood disorder, with the April 2016 examination findings.

b. If any prior diagnosis cannot be reconciled with the April 2016 examination findings, opine whether the acquired psychiatric disorder diagnosed since April 2008 is at least as likely as not (50 percent probability or greater) related to the Veteran's active duty service.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

2. Thereafter, readjudicate the claim. If the benefit sought on appeal remains denied, furnish the Veteran and his representative with a supplemental statement of the case and give them a reasonable opportunity to respond. Then, the case should be returned to the Board for further appellate consideration.
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of this appeal. 38 C.F.R. § 20.1100(b) (2016).