﻿Citation Nr: 18142026
Decision Date: 10/12/18 Archive Date: 10/12/18

DOCKET NO. 16-29 356
DATE: October 12, 2018
ORDER
Entitlement to service connection for a cervical spine condition is denied.
Entitlement to service connection for a traumatic brain injury (TBI) is denied.
FINDINGS OF FACT
1. The preponderance of the evidence is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis associated with a cervical spine condition. 
2. The preponderance of the evidence is against finding that the Veteran has a TBI, or residuals of a TBI, due to a disease or injury in service.
CONCLUSIONS OF LAW
1. The criteria to establish service connection for a cervical spine disability have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.
2. The criteria to establish service connection for traumatic brain injury have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from October 1998 to September 2006.
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2014 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. 
Service Connection
Service connection may be granted for a disability resulting from a disease or injury incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Generally, establishing service connection requires (1) evidence of a current disability; (2) medical, or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).
VA is responsible for determining whether the evidence supports the claim, with the veteran prevailing, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b).
The Veteran contends he is entitled to service connection for a cervical spine condition and a TBI caused by in-service injuries and events, including falling from a helicopter, blows to the head while working as a mixed martial arts (MMA) instructor, and a motor vehicle accident. 
The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.
1. Entitlement to service connection for a cervical spine condition
The Board concludes that the Veteran does not have a current diagnosis associated with a cervical spine condition and has not had one at any time during the pendency of the claim or recent to the filing of the claim. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); 38 C.F.R. § 3.303(a), (d).
A review of service treatment records indicates the Veteran’s health was normal during his September 1998 service entrance examination. In November 2000, the Veteran was noted to have a very stiff neck after falling down a set of stairs. A June 2004 medical examination report, an August 2004 post deployment health assessment, and a June 2006 service separation examination make no reference to a neck or cervical spine condition. In July 2006, the Veteran’s service separation evaluation shows the Veteran was found physically qualified to separate without any medical condition noted that would disqualify him from performing his duties, or that would warrant disability evaluation system processing. 
VA medical records from January 2013 show the Veteran reported having occasional neck stiffness with an inability to move his neck. The VA physician determined the Veteran’s neck pain was associated with headaches with radicular symptoms that were likely related to a mild TBI. The physician did not provide a specific diagnosis regarding the Veteran’s neck and/or cervical spine. There are no other complaints in the Veteran’s post-service treatment notes regarding a neck or cervical spine condition. 
At a November 2016 VA examination, the Veteran reported falling out of a helicopter during service. He stated his current symptoms were stiffness, pain with movement, and numbness of both hands. The VA examiner evaluated the Veteran and determined that he does not have a current diagnosis associated with a cervical spine condition. The examiner explained that despite the Veteran’s claims of a cervical spine condition, there is insufficient objective evidence of a cervical spine condition based on the administered examination and review of the medical records. According to the examiner, the Veteran’s lack of cervical spine flexibility is due to his age. The examiner also noted that because the Veteran did not appear for additional diagnostic testing, a clinical diagnosis of a cervical spine condition could not be rendered. 
While the Veteran believes he has a current diagnosis associated with a cervical spine condition, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence. Though service treatment notes reference one complaint of neck stiffness, this issue resolved and was not noted on the Veteran’s service separation examination. Further, his post-service records do not contain a neck or cervical spine diagnosis, and the VA examiner determined the Veteran does not have a current cervical spine diagnosis. The Veteran has not provided any additional medical evidence that would support his claim. 
The claim of entitlement to service connection for a cervical spine condition must be denied. 
2. Entitlement to service connection for a traumatic brain injury (TBI)
The Board concludes that, while the Veteran has a current diagnosis of a TBI, the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of a TBI began during service or is otherwise related to an in-service injury, event, or disease. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(a), (d).
The Veteran’s in-service medical examinations and health assessments from September 1998 through June 2004 are silent regarding any head injury. A June 2006 service separation examination report shows the Veteran was noted to have a history of head injury prior to entering service, but he did not have any head injuries or concussions since that time. As noted above, the Veteran was found to be without any medical condition that would require disability evaluation system processing in his July 2006 service separation evaluation.
VA medical records from December 2012 show the Veteran reported being in a helicopter accident and enduring numerous head blows as a MMA instructor during service. However, he was noted to have presented with an absence of a TBI. In January 2013, the Veteran received a TBI screening and was diagnosed with a mild TBI. 
At the November 2016 VA examination, the Veteran again reported falling from a helicopter in 2003, and head injuries as a MMA instructor during service. The VA examiner found the Veteran did not have a current diagnosis of TBI or TBI residuals. Upon examination, the Veteran was noted to have no complaints of impaired memory of concentration, and exhibited normal judgment, social interaction, communication, and consciousness. The examiner opined the Veteran does not have a TBI diagnosis that is at least as like as not incurred in or caused by the Veteran’s military service. In support of his opinion, the examiner acknowledged that the nature of the Veteran’s in-service occupation made him prone to sustaining head injuries, but noted the Veteran’s 2013 diagnosis of TBI was based on his subjective history and occurred ten years after the sustained injury. The examiner also discussed the June 2006 service treatment record regarding the Veteran sustaining head injuries prior to service and having none since service, and explained that residuals of a TBI occur proximate to the time of head injury and resolve within weeks. The examiner concluded that a review of the objective evidence indicates the Veteran’s current symptomatology is likely associated with his PTSD. The Board notes that service connection is in effect for PTSD, and manifestations of PTSD are rated 70 percent disabling.
While the Veteran believes his TBI is related to in-service injuries and events, including his MMA training and a helicopter accident, he is not competent to provide a nexus opinion in this case. This issue is medically complex, as it requires specialized medical knowledge and interpretation of complicated diagnostic medical testing. Jandreau, 492 F.3d at 1377. The Veteran has not submitted any medical evidence or an opinion from a competent source to support his claim that his TBI diagnosis is etiologically related to his military service. Consequently, the Board gives more probative weight to the VA examiner’s medical opinion.
The claim of entitlement to service connection for TBI must be denied.
In reaching these conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claims, that doctrine is not applicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 
N. RIPPEL
Acting Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD N. Miller, Associate Counsel