﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190528-12459
DATE: July 30, 2019

ORDER

Entitlement to service connection for liver disease is denied.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had liver disease at any time during or approximate to the pendency of this claim.

CONCLUSION OF LAW

The criteria for service connection for liver disease are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1952 to April 1955. 

The rating decision on appeal was issued in May 2019 under the new modernized appeals process. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran timely appealed the May 2019 rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ), i.e., by the local regional office (RO). Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision, so in this case at the time of the May 2019 RO rating decision. With this election the Board cannot hold a hearing or accept into the record additional (i.e., supplemental) evidence in its direct review. 

Entitlement to service connection for liver disease

The Veteran contends that he currently suffers from liver disease that is the result of yellow fever he suffered from while in service. 

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current diagnosis of any liver disease, to include hepatitis, and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

In an April 2019 VA treatment record, the Veteran reported that he had been diagnosed with liver disease in the course of private treatment and was hospitalized for 4 days due to liver inflammation. However, there is no medical record in evidence supporting a private diagnosis or subsequent hospitalization. 

As already explained, because the Veteran chose the direct review lane on appeal to the Board, the Board’s decision must only consider evidence of record at the time of the prior decision, meaning at the time of the RO’s May 2019 rating decision. 

That same month, so in May 2019, the Veteran underwent a VA examination for hepatitis, cirrhosis, and other liver conditions. The relevant laboratory studies from this examination included tests of his liver function by means of AST, ALT, bilirubin, and INR (PT) levels, as well as a hepatitis panel for A, B, and C. Each result was within normal limits or, in the case of the hepatitis panel, non-reactive. After a review of the blood test results, the examiner determined that the Veteran did not have a liver condition – including disease, cirrhosis, or hepatitis. 

VA treatment records also reveal the Veteran had liver function tests that were within normal limits in September 2014, October 2017, and March 2019. 

While the Veteran believes he has a current diagnosis of liver disease, he is not competent to make this determination. This issue is medically complex, as it requires specialized medical education and the ability to interpret the results of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence showing the Veteran does not have a current diagnosis of any liver disease. 

 

Accordingly, entitlement to service connection for liver disease is not warranted.

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K Pak, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.