﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190128-11280
DATE: July 30, 2019

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, PTSD is at least as likely as not related to service in Vietnam.

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from February 1969 to December 1971, including service in the Republic of Vietnam from December 1969 to November 1970.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form in July 2018. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the RO.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service, even if the disability was initially diagnosed after service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

In addition to the above criteria, claims of service connection for PTSD require a medical diagnosis of PTSD, an in-service stressor accompanied by credible and supporting evidence that the stressor claimed to be the cause of the disorder occurred in service, and established medical evidence connecting the current disability to the stressor. 38 C.F.R. § 3.304(f).

The “current disability” requirement of service connection “is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim . . . .” McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). Further, “a claimant may be granted service connection even though the disability resolves prior to the Secretary’s adjudication of the claim.” Id. 

Entitlement to service connection for PTSD

In the November 2018 decision, the RO found that there is medical evidence of a DSM-IV diagnosis of PTSD. Also in that decision, the RO found that fear of hostile military and terrorist activity is conceded because military personnel records show service in the Republic of Vietnam from December 8, 1969, to November 6, 1970. The Board is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). 

On May 15, 2014, the Veteran filed a claim of entitlement to service connection for PTSD. A June 2014 private medical opinion (received 9/13/14) indicates that the Veteran has a DSM-IV diagnosis of PTSD that is at least as likely as not related to service in Vietnam. This conclusion is based on the Veteran’s symptoms of sleep problems due to service-related nightmares, hyper-arousal symptoms, and testimony from family regarding outbursts of anger since returning from Vietnam. This medical opinion is probative because it is based on a review of the record and contains clear conclusions with supporting data connected by a reasoned medical explanation. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301–02 (2008). 

Two VA examinations, dated August 15, 2015, and May 28, 2015, both state that the Veteran does not have a current diagnosis of any acquired psychiatric disorder, including but not limited to PTSD, under DSM-5. These conclusions are based on the low level of recurrence of the Veteran’s symptoms, such as intrusive memories and sleep problems. 

Prior to August 4, 2014, the June 2014 diagnosis under DSM-IV constitutes a current disorder of PTSD at the time that the Veteran filed his claim on May 15, 2014. Effective August 4, 2014, a diagnosis of an acquired psychiatric disorder must comply with DSM-5 to qualify as a disability for VA purposes. See 38 U.S.C. §§ 3.304(f), 4.125(a). The VA examination findings after August 4, 2014 constitute a change in diagnosis, in that the Veteran does not satisfy the criteria of an acquired psychiatric disorder after August 4, 2014. But under McClain, the Veteran satisfies the “current diagnosis” element of service, in that he had a valid diagnosis of PTSD under DSM-IV prior to August 4, 2014, and during the pendency of his May 15, 2014, claim. 

The Board therefore finds that all of the elements of service connection for PTSD are satisfied. The evidence indicates a diagnosis of PTSD during the appeal period and prior to August 4, 2014. The second element is undisputed. The nexus element is also satisfied, in that the June 2014 medical opinion establishes the existence of nexus between the DSM-IV diagnosis and service. Since all of the elements for service connection have been established, the Veteran is entitled to prevail with respect to his claim. 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. Cannon, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.