﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190510-36129
DATE: December 31, 2019

ORDER

Service connection for lumbar spine disability is denied. 

Service connection for weakness right lower extremity, secondary to lumbar spine disability, is denied.

Service connection for weakness left lower extremity, secondary to lumbar spine disability, is denied.

Service connection for chronic fatigue syndrome is denied.

Service connection for cervical spine disability is denied. 

REMANDED

Service connection for traumatic brain injury is remanded.

Service connection for migraines, including secondary to traumatic brain injury, is remanded.

Service connection for right wrist disability is remanded. 

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that the Veteran’s current lumbar spine disability, diagnosed as degenerative disc disease, spondylolisthesis and spondylolysis, began during active service, or is otherwise related to an in-service injury or disease.

2. The Veteran’s weakness of the right and left lower extremities is not caused or aggravated by a service-connected disability.

3. The preponderance of the evidence is against finding that the Veteran has a current chronic fatigue syndrome diagnosis that is caused or aggravated by a service-connected disability.

4. The preponderance of the evidence is against finding that a cervical spine disability began during active service, or is otherwise related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for lumbar spine disability are not met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for weakness right lower extremity, secondary to lumbar spine disability, are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310. 

3. The criteria for service connection for weakness left lower extremity, secondary to lumbar spine disability, are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.310. 

4. The criteria for service connection for chronic fatigue syndrome are not met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for cervical spine disability are not met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from December 1967 to October 1969. For his meritorious service, the Veteran was awarded (among other decorations) a Vietnam Campaign Medal and Vietnam Service Medal.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from November 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran elected the modernized review system for the appeal of these issues in June 2019. 38 C.F.R. § 19.2(d).

The Board notes that the Veteran has a pending appeal for unrelated issues denied in an October 2019 rating decision, which will be addressed in a separate decision. 

Service Connection Claims

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Moreover, where a veteran served continuously for 90 days or more during active service, and arthritis becomes manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Service connection may also be established for disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a). Further, a disability that is aggravated by a service-connected disability may be service connected to the degree that the aggravation is shown. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439 (1995). However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 38 C.F.R. § 3.310.

1. Service connection for lumbar spine disability is denied. 

The Veteran contends that he incurred a chronic lumbar spine disability during his military service. 

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a current lumbar spine disability, diagnosed as degenerative disc disease, spondylolisthesis and spondylolysis, and evidence shows that he was treated during service for low back pain in January 1968, the preponderance of the evidence weighs against finding that the Veteran’s current lumbar spine disability began during service or is otherwise related to an in-service injury, event, or disease.

Although treated for low back pain in January 1968, the Veteran’s service treatment records are silent as to any subsequent complaints of or treatment for a lumbar spine disability during service. The Veteran’s October 1969 separation examination listed his spine as normal. On a medical history completed at that time, the Veteran denied any history of back trouble of any kind. 

Post service treatment records are silent as to any complaints of or treatment for a lumbar spine disability for more than 30 years after the Veteran’s separation from military service. While the Veteran is competent to report having experienced symptoms of lumbar spine pain since service, he is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of his current lumbar spine disability. The issue is medically complex, as it requires knowledge of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Moreover, the Veteran’s contentions are somewhat inconsistent. On his medical history completed pursuant to his separation examination in October 1969, the Veteran the denied having any history of back trouble of any kind. On his October 2018 VA examination of the spine, the Veteran reported that he was treated for low back pain during service, and that he felt better. He also indicated that his lower back pain had been ongoing for years “most especially when he was hit with concrete in the 80-90s reconstructing homes, which made his lower back pain worse.” 

Further, the October 2018 VA examiner opined that the Veteran’s current lumbar spine disability is not at least as likely as not related to an in-service injury, event, or disease, including his inservice treatment for low back pain. The rationale was that the Veteran’s inservice treatment for low back pain was acute and that his separation examination was negative for any back condition. The VA examiner also noted that the Veteran was shown to have worked in construction for over 40 years after his military service, and continuity of care is not shown. The examiner’s opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

No other competent medical opinions are of record. The Veteran does not have the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d at 1377; see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the October 2018 VA examiner’s opinion.

2. Service connection for weakness right leg, secondary to lumbar spine disability. is denied.

3. Service connection for weakness left leg, secondary to lumbar spine disability. is denied.

The Veteran contends that he has weakness in his lower extremities, secondary to his lumbar spine disability.

Because the Veteran has not raised, and the record does not reasonably raise, entitlement to direct service connection, the Board’s adjudication will consider only entitlement to secondary service connection.

The question for the Board is whether the Veteran has a current disability that is proximately due to or the result of or was aggravated beyond its natural progress by a service-connected disability.

Essentially, there is no medical evidence indicating that the Veteran’s right and left leg weakness is related to a service-connected disability. The Veteran attributes his bilateral leg weakness to his lumbar spine disability, which as previously explained does not warrant service connection. The medical and lay evidence does not show, nor does the Veteran claim, that his right and left leg weakness is related to any other disability. Moreover, the October 2018 VA spine examination revealed a normal neurological examination of the bilateral lower extremities and the other medical evidence of record do not attribute the Veteran’s reported leg weakness to a specific diagnosis. 

Based upon a longitudinal review of the record, the Board concludes that the preponderance of the evidence is against finding that the Veteran’s current bilateral lower extremity weakness is due to a service-connected disability. 38 U.S.C. § 1110; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc); 38 C.F.R. § 3.310(a). For the reasons indicated above, the Board concludes that the Veteran’s current lumbar spine disability was not incurred during his military service. Thus, the Veteran’s claim for bilateral lower extremity weakness, claimed secondary to that condition, must be denied.

4. Service connection for chronic fatigue syndrome is denied.

The Veteran contends that he has chronic fatigue syndrome due to his service-connected non-Hodgkins lymphoma. 

Because the Veteran has not raised, and the record does not reasonably raise, entitlement to direct service connection, the Board’s adjudication will consider only entitlement to secondary service connection.

The question for the Board is whether the Veteran has a current disability that is proximately due to or the result of or was aggravated beyond its natural progress by a service-connected disability.

The Board concludes that the Veteran does not have a current diagnosis of chronic fatigue syndrome and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). While there are intermittent complaints of fatigue noted within his post service treatment records at times, a diagnosis of chronic fatigue syndrome is not shown nor does the objective evidence attribute his reported fatigue to his service-connected disability. Moreover, these intermittent complaints of fatigue are not shown to have reached the level of a functional impairment of earning capacity. See Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

The preponderance of the evidence is against finding that the Veteran’s has chronic fatigue syndrome due to a service-connected disability. 38 U.S.C. § 1110; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc); 38 C.F.R. § 3.310(a). Thus, the Veteran’s claim for service connection for chronic fatigue syndrome, claimed secondary to his service-connected non-Hodgkins lymphoma, must be denied.

5. Service connection for cervical spine disability is denied. 

The Veteran asserts that he has a cervical spine disability related to his military service. 

Based upon a longitudinal review of the Veteran’s claims file, the Board concludes that, while the Veteran has a current cervical spine disability, diagnosed as moderate degenerative disc disease and loss of normal cervical lordosis, the preponderance of the evidence weighs against finding that this condition began during service or is otherwise related to an in-service injury, event, or disease. 

While the Veteran is competent to report having experienced symptoms of cervical spine pain since service, he is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of his current cervical spine disability. The issue is medically complex, as it requires knowledge of complicated diagnostic medical testing. Jandreau, 492 F.3d at 1377. Moreover, the Veteran’s contentions are inconsistent. On his medical history completed pursuant to his separation examination in October 1969, the Veteran the denied having any history of back trouble of any kind. 

The Veteran’s service treatment records are silent as to any complaints of or treatment for a cervical spine disability during service. The Veteran’s October 1969 separation examination listed his spine as normal. 

Post service treatment records are silent as to any complaints of or treatment for cervical spine disability for more than 40 years after the Veteran’s separation from military service. A June 2010 VA treatment report noted findings of neck pain with myofascial component and bilateral cervical radiculopathy.

Accordingly, the preponderance of the evidence is against the Veteran's claim for service connection for cervical spine disability. In reaching this decision the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran's claim, the doctrine is not for application. Gilbert, 1 Vet. App. at 49.

REASONS FOR REMAND

1. Service connection for traumatic brain injury is remanded.

2. Service connection for migraines, including as secondary to traumatic brain injury, is remanded.

The issues of entitlement to service connection for traumatic brain injury and migraines are remanded to correct a duty to assist error that occurred prior to the November 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a November 2018 medical opinion prior to the November 2018 rating decision on appeal. However, this medical opinion does not provide adequate current findings or rationale regarding whether the Veteran’s traumatic brain injury and migraines had their onset in service or were otherwise related to service. Specifically, the November 2018 VA medical opinion indicated that there was no evidence clinically or historically of a service-related traumatic brain injury or sequelae. A review of his service treatment records, however, revealed that the Veteran was treated in December 1967 for a fall down a flight of stairs which resulted in him being knocked out and unconscious for a few minutes, following which he had complaints of headache and dizziness. Thus, a new examination is required addressing these two issues.

3. Service connection for right wrist disability is remanded. 

The issue of entitlement to entitlement to service connection for right wrist disability is remanded to correct a duty to assist error that occurred prior to the November 2018 rating decision on appeal. The AOJ obtained a medical examination and opinion in October 2018 which does not provide an adequate rationale regarding whether the Veteran has a right wrist disability which had its onset in service or is otherwise related to service. Specifically, examination obtained does not provide a clear diagnosis of a current right wrist disability. Moreover, the VA examiner doesn’t acknowledge the July 1969 service treatment records showing an injury to the Veteran’s right wrist, including x-ray examination of the right wrist which showed a probable fracture of the distal right radius. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any traumatic brain injury and/or migraine disability found. For any current disability found, the examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including a December 1967 injury in which he was knocked unconscious, with subsequent complaints of headache and dizziness. A rationale for all opinions expressed should be provided.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any right wrist disability found. The examiner should clearly identify any current right wrist disability found. For any current disability found, the examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including a July 1969 injury to the right wrist, with x-ray examination findings showing a probable right distal fracture. A rationale for all opinions expressed should be provided.

 

 

DELYVONNE M. WHITEHEAD

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W. Yates, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.