﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190829-27510
DATE: April 30, 2020

ORDER

Entitlement to service connection for Cushing's disease is denied.

Entitlement to service connection for sleep apnea, to include as secondary to Cushing’s disease is denied.

Entitlement to a compensable rating for headaches is denied.

The decision to reduce left knee arthritis with lateral instability from 10 percent disabling to 0 percent disabling was proper.

REMANDED

Entitlement to service connection for intervertebral disc syndrome with degenerative arthritis is remanded.

FINDINGS OF FACT

1. The evidence does not show a diagnosis of Cushing’s disease since the inception of the present appeal. Findings suggesting it in service have not been clinically confirmed.

2. The Veteran's sleep apnea is not shown to be related to service and is not secondary to a service-connected disorder.

3. The Veteran’s headaches do not manifest as characteristic prostrating attacks.

4. The 10 percent disability rating for instability of the left knee had not been in effect for more than five years.

5. The evidence of record shows demonstrated stability improvement in the service-connected left knee.

CONCLUSIONS OF LAW

1. The criteria for service connection for Cushing’s disease are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303 (2019).

2. The criteria for service connection for sleep apnea due to Cushing’s disease are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310 (2019).

3. The criteria for a compensable rating for headaches have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.71a, Diagnostic Code 8100 (2019).

4. The reduction from 10 percent to 0 percent from May 1, 2018, was proper; the criteria for restoration of a 10 percent rating for the left knee instability have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.105 (e), 3.344, 4.3, 4.7, 4.71a, Diagnostic Code 5257 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran service on active during in the United States Army from June 1982 to May 1994. 

The rating decision on appeal was issued in October 2018. In November 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). 

Review of the record reveals that sleep apnea and Cushing’s disease were previously denied by final rating actions. In the AMA decision currently on appeal, both issues were considered on the merits. As such, the Board concludes that, while not explicitly saying so, the Originating Agency found that evidence submitted had been new and relevant. The Board is bound by that apparent favorable decision and will address the merits herein as well.

Service connection claims

1. Entitlement to service connection for Cushing’s disease

2. Entitlement to service connection for sleep apnea, to include as secondary to Cushing’s disease

The Veteran contends that she has Cushing’s disease that was incurred during or as a result of her active service. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current diagnosis of Cushing’s disease and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Veteran also submitted service treatment records showing that she was sent for evaluation for Cushing’s disease during service. She underwent a VA examination in May 2018, in which the VA examiner noted a diagnosis of pituitary microadenoma. The Veteran reported Cushing’s disease and taking daily medication for treatment; however, the examiner specifically noted that there was no medication listed in the claims file. No diagnosis of Cushing’s disease was made or noted. (Service connection has been established for the pituitary microadenoma.)

The Veteran has not submitted any objective medical evidence in support of a current diagnosis. While the Veteran believes she has a current diagnosis of Cushing’s disease, she is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence. With no diagnosed disorder during the pendency of this appeal, the Veteran's claim must be denied. 

Regarding her claim of service connection for sleep apnea, the Veteran specified that she was claiming sleep apnea as secondary to Cushing’s disease. As the Veteran’s claim of service connection for Cushing’s disease is denied, her claim of secondary service connection for sleep apnea is likewise denied. 

Moreover, review of the record reveals that while the Veteran has reported difficulty sleeping since service, there is no objective evidence that sleep apnea was shown in service, or is otherwise related to service.

Increased rating claims

Disability evaluations are determined by applying the VA rating schedule, which is based on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

3. Entitlement to a compensable rating for headaches, tension and migraine

Under Diagnostic Code 8100, migraine headaches are rated at 0 percent (noncompensable) where there are infrequent attacks. Migraines with characteristic prostrating attacks averaging one in two months over the last several months are rated at 10 percent. Migraines with characteristic prostrating attacks occurring on an average once a month over the last several months are evaluated at 30 percent. Migraines with very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability are rated 50 percent. 38 C.F.R. § 4.124a.

Although prostrating attacks are not defined in the rating criteria, medical guidance used by the VA Compensation Service suggests that such an attack causes extreme exhaustion, powerlessness, debilitation or incapacitation with substantial inability to engage in ordinary activities. See M21-1 Part III, Chapter iv.4.N.7.b. Completely prostrating means extreme exhaustion or powerlessness with essentially total inability to engage in ordinary activities. 

The Veteran was afforded a VA headaches examination in May 2018. The Veteran reported management with neurology due to persistent problems with migraine headaches. Her symptoms reportedly included pulsating or throbbing head pain, pain localized to one side of the head, and pain that worsens with physical activity. The Veteran also reported nausea, vomiting, and sensitivity to light and sound. The examiner noted no characteristic prostrating attacks of migraine/non-migraine headache pain. Regarding interference with work, the Veteran stated that her headaches caused her to miss two to four weeks of work in the past 12 months and her headaches interfere with her ability to complete work tasks. The examiner noted no chronic headache diagnosis. No data or findings otherwise substantiating the reported symptoms was provided.

After review of the evidence, the Board finds that a compensable rating for headaches is not warranted. While the Veteran has headaches, there is no evidence of characteristic prostrating attacks as specifically delineated in the rating criteria for a compensable rating. Additionally, the Board notes that the Veteran reported interference with her employment; however, it does not rise to the level of “severe economic inadaptability.” The Board has reviewed the VA treatment record and finds no evidence to support the higher evaluation. Therefore, the Veteran's claim is denied. 

The Board has considered the Veteran’s lay statements regarding the severity of his headaches. The rating assigned above is based primarily on her description of her headaches in accordance with the rating criteria. 

4. Whether the reduction for left knee arthritis with lateral instability from 10 percent disabling to 0 percent disabling was proper 

The regulations provide for different criteria for the reduction of a disability rating based on the length of time the rating for the reduced disability has been in effect. Specifically, 38 C.F.R. § 3.344 (a)-(b) provide numerous procedural and substantive criteria that must be satisfied to reduce a rating that is considered stabilized. However, 38 C.F.R. § 3.344 (c) clarifies that those criteria are only applicable when the reduced rating has continued for “long periods at the same level (5 years or more).” Here, the rating in question has been in effect for less than five years and thus re-examinations disclosing improvement in disabilities may warrant a reduction in the rating. 38 C.F.R. § 3.344 (c). 

It is noted that despite the reduction, the Veteran's rating combined rating did not change, and as such the due process requirements of 38 C.F.R. § 3.105 (e) were not implicated.

However, the Board must still determine whether the reduction was proper. Dofflemeyer v. Derwinski, 2 Vet. App. 277, 279-80 (1992). In determining the propriety of a rating reduction, the Board must not only "determine[] that an improvement in a disability has actually occurred but also that improvement actually reflects an improvement in the veteran's ability to function under the ordinary conditions of life and work." Brown v. Brown, 5 Vet. App. 413, 421 (1993). "Where... the Court finds that the [Board] has reduced a veteran's rating without observing applicable laws and regulation, such a rating is void ab initio and the Court will set it aside as not in accordance with law." Kitchens v. Brown, 7 Vet. App. 320, 325 (1995).

The Veteran's left knee instability is rated under Diagnostic Code 5257, which evaluates recurrent subluxation or lateral instability of a knee. 10, 20, and 30 percent ratings are assigned for slight, moderate, or severe recurrent subluxation or lateral instability respectively. Neither the Rating Schedule nor the regulations provide definitions for descriptive words such as "slight," "moderate," and "severe." See Sellers v. Wilkie, 30 Vet. App. 157 (2018). The use of terminology such as "slight" and "moderate" by VA examiners or other physicians, although an element of evidence to be considered by the Board, is not dispositive of an issue. Rather than applying a mechanical formula, the Board must instead evaluate all of the evidence to the end that its decisions are "equitable and just." 38 C.F.R. § 4.6.

The Veteran is in receipt of a 10 percent rating for limitation of motion of the left knee under Diagnostic Code 5261, since May 27, 1994. A November 2014 rating decision granted the Veteran a separate 10 percent evaluation for left knee lateral instability under Diagnostic Code 5257, effective August 9, 2014. (It is noted that there is a separate rating in effect for limitation of motion of the knee that is not at issue or otherwise affected by the decision entered herein.)

The Veteran's 10 percent rating was assigned based on a November 2014 VA examiner finding of +1, indicating 0-5 millimeters, of medial and lateral instability of the left knee, as well as a history of slight recurrent subluxation and lateral instability of the left knee. 

The Veteran underwent a VA examination of her knee in May 2018. The Veteran reported increasing left knee weakness and instability. She also reported flare-ups, which lead to non-weight bearing in the left knee. Joint stability testing was performed, and no instability was found. The examiner also noted no history of recurrent subluxation or lateral instability; however, the Veteran was noted to have a history of recurrent effusion and had undergone several aspirations. The Veteran reported occasional use of a brace and cane. 

At a June 2018 VA examination of the left knee, the examiner again performed joint stability tests and no instability was noted. 

In a July 2018 rating decision, the RO proposed a reduction of the Veteran's rating for left knee lateral instability to 0 percent, effective May 1, 2018. This reduction was deemed proper in an August 2019 rating decision. 

After thorough review of the evidence of record, the Board finds that a compensable evaluation for this disability is not warranted. Both of the 2018 VA examinations note that the Veteran does not exhibit joint instability or subluxation. Contemporaneous treatment records do not show the Veteran exhibits any subluxation or instability of her left knee. Although the Veteran reports instability, the objective VA examination findings show improvement. The Veteran is also separately service-connected for left knee degenerative joint disease (arthritis) based on painful limitation of motion, which is based in part on factors such as pain and weakness, as well as left leg shin splints, which are based on symptoms of lower leg pain and tenderness. See DeLuca v. Brown, 8 Vet. App. 202, 204-07 (1995) and 38 C.F.R. §§ 4.40, 4.45, 4.59. The Board finds that the symptoms of weakness reported by the Veteran cannot be used to support a compensable disability rating for left knee instability under Diagnostic Code 5257, especially in light of the consistent documentable of no laxity or instability associated with the left knee upon physical examination and during joint stability testing. 

Based on the above, the Board finds that the preponderance of the evidence demonstrates actual improvement of overall left knee instability so as to warrant rating reductions from 10 percent to 0 percent effective from May 1, 2018, for left knee instability; therefore, the reduction was proper, and restoration of a rating in excess of 10 percent is not warranted. 38 C.F.R. § 3.105 (e).

REASONS FOR REMAND

Entitlement to service connection for intervertebral disc syndrome with degenerative arthritis 

The issue of entitlement to service connection for a low back disorder is remanded to correct a duty to assist error that occurred prior to the August 2019 rating decision on appeal. 

Service treatment records show complaints of low back pain in 1983, 1986, 1989, 1991, and 1993. On the May 1994 report of medical history at separation, the Veteran reported recurrent back pain. The contemporaneous report of medical examination showed an abnormal clinical evaluation of the spine with the examiner noting complaints of tenderness to the lower back and “chronic left flank pain – back spasms.” 

The Veteran underwent a VA examination in July 2018. The examiner noted diagnoses of degenerative arthritis of the spine and intervertebral disc syndrome. The Veteran reported experiencing back pain since carrying heavy equipment during service. The examiner opined that the Veteran’s back disorder was less likely than not incurred in or caused by service. As a rationale, the examiner stated “[d]uring service, condition was acute only. There is no evidence of chronicity of care. A nexus has not been established.”

The Agency of Original Jurisdiction (AOJ) obtained a July 2018 medical opinion prior to the rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s back disorder had its onset in service or is otherwise related to service as it does not consider the Veteran's chronic complaints in service or the comments at separation. Therefore, remand for an adequate opinion is necessary.

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any her low back disorder. (If it is determined that responses can be adequately provided by review of the evidence of record, further examination may not be needed.) The examiner must opine whether it is at least as likely as not related to an in-service injury, event, or disease, including her in-service complaints and reports of back pain at separation.

A complete rationale must be provided in support of all opinions based on a review of the evidence of record and in accordance with medical principles. 

 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Shana Z. Siesser, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.