﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190725-56967
DATE: July 31, 2020

ORDER

Entitlement to service connection for a right elbow disability is denied.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of a right elbow disability.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a right elbow disability have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (b); 38 C.F.R. §§ 3.102, 3.303 (a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the U.S. Army from September 1972 to August 1974 and from September 1990 to May 1991. 

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 Appeals Modernization Act (AMA) rating decision that considered the evidence of record on that date. In its decision, the Agency of Original Jurisdiction (AOJ) denied the claim on appeal. The Veteran timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the AOJ. As this is a Direct Review appeal under the AMA, the record closed on the date of the April 2019 rating decision. 

The Veteran contends that his right elbow disability related to active service. Alternatively, he contends that his right elbow disability is secondary to his service-connected carpal tunnel syndrome of the upper right extremity. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that the Veteran does not have a current diagnosis of a right elbow disability and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

In October 2010, private practitioner A.L. confirmed a diagnosis of right compressive ulnar neuropathy at the elbow. The practitioner noted that the Veteran’s right compressive ulnar neuropathy at the elbow developed within the last couple of months and that these findings were not present on the Veteran’s original study in 2008. In December 2010, the Veteran received a procedure for right ulnar nerve decompression. 

December 2016 VA treatment records note that the Veteran was seen for elbow pain after falling and spraining his elbow. In December 2017, the Veteran reported elbow pain with the initial assessment of elbow tendonitis and normal x-rays. Again, in January 2018, the Veteran reported pain in the right upper extremity with numbness of the middle fingers and elbow pain. 

In January 2019, the Veteran received another procedure to repeat the right ulnar nerve decompression at the elbow with planned transposition. The preoperative and postoperative diagnosis noted recurrent right cubital tunnel syndrome and ulnar nerve compression at the elbow. 

The April 2019 VA examiner evaluated the Veteran and determined that he did not have a diagnosis of a right elbow disability. Further, the examiner noted the Veteran underwent a right ulnar nerve transposition for ulnar neuropathy and that the Veteran reported no elbow joint condition. No pain was noted on examination with normal range of motion measurements. No evidence of pain with weight bearing was noted and there was no objective evidence of localized tenderness or pain on palpitation of the joint or associated soft tissue. The Veteran did not report having any functional loss or functional impairment of the joint or extremity. The Veteran was able to perform repetitive use testing with at least three repetitions without additional functional loss or range of motion. Additionally, pain, weakness, fatigability or incoordination does not significantly limit functional ability with repeated use over a period of time. The Veteran does not have muscle atrophy, flail joint, joint fracture, ununited fracture, malaligned fracture, or impairment of supination or pronation. As for the secondary service connection claim, the examiner noted again there is no objective evidence of a right elbow disability upon examination. 

The Board notes the Veteran is already service connected for carpal tunnel syndrome of the right upper extremity and is assigned a 30 percent rating for moderate incomplete paralysis of the major extremity. 

In this regard, it is important for the Veteran to understand that even if the Board assumed, for the sake of discussion, that he had this problem, the Board would not service connect this disability as there is simply no indication of this problem in service. In addition, the Board can not service-connect the same problem twice (the elbow problem and the carpal tunnel). This is a violation of the rule against what we call “pyramiding”. We can not provide compensation twice for the same problem. 

In Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018), the United States Court of Appeals ruled that pain alone may be considered a disability, even in the absence of an underlying diagnosis, when it causes functional loss. While the Veteran reported pain in his right elbow from December 2016 through January 2018, pain was not noted on the April 2019 VA examination. In several instances, the April 2019 examiner reported that there was no objective evidence of a right elbow disability or functional loss. Therefore, despite periodic treatment from October 2010 to April 2019, VA and private treatment records do not contain a diagnosis of a right elbow disability.

While the Veteran believes he has a current diagnosis of a right elbow disability, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence.

In sum, without competent evidence of a current disability, the Board concludes that the preponderance of the evidence of record is against the Veteran’s claim for service connection for a right elbow disability, and the claim is denied.

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Laura Cochran, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.