# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0468

Ray A. McClain, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued April 24, 2007                                    Decided   June 21, 2007   )

*Richard V. Spataro,* with whom *Barton F. Stichman* and *Louis J. George*, all of Washington, D.C., were on the brief for the appellant.

*Kerry J. Loring,* with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and KASOLD and MOORMAN, *Judges*.

KASOLD, *Judge*, filed the opinion of the Court.  GREENE, *Chief Judge*, filed an opinion concurring in part and dissenting in part.

KASOLD, *Judge*: Veteran Ray A. McClain appeals through counsel that part of a November 30, 2004, decision of the Board of Veterans' Appeals (Board) that denied his claim for disability compensation for a psychiatric disability, to include major depression, because it found that Mr. McClain no longer manifested a psychiatric disability at the time the Board rendered its decision and therefore found that the preponderance of the evidence weighed against the claim.  For the reasons set forth below, the Board's decision will be reversed and the matter remanded to the Board for the assignment of an effective date and a disability rating, staged as appropriate.

## I. ARGUMENTS

The parties differ on their view of key findings by the Board and why Mr. McClain's claim was denied. On appeal, Mr. McClain argues that the Board found that he had suffered from service-connected depression during the adjudication of his claim, but further found that as of at least September 2003 he no longer suffered from depression but rather had developed a personality disorder. Record (R.) at 20-21. He also argues that the Board denied his claim because, at the time of its decision, he did not suffer from a disease or injury for VA disability compensation purposes. The Secretary argues that the Board never found that Mr. McClain's psychiatric disability was service connected and that the Board had found that a preponderance of the evidence was against his claim. He further argues that when the Board found that Mr. McClain suffered from a personality disorder it also rejected the earlier diagnosis that he had suffered from depression.

Based on his view of the facts, Mr. McClain argues that, because he suffered from a service-connected disability at the time of his claim and during the adjudication of his claim, the Board could and should have awarded him service connection and assigned a disability rating for the period he had this disability. In addition to arguing that the Board never found that Mr. McClain suffered from a service-connected disability and that the Board rejected the earlier diagnosis of depression, the Secretary initially argued in his brief that the Board's decision should be affirmed because "at the time the Board rendered its decision, Appellant had no currently diagnosed psychiatric disability that was subject to service connection as either an undiagnosed illness or on a direct basis as linked to service." Secretary's Brief at 13-14. However, at oral argument the Secretary clarified his position and agreed with Mr. McClain that if he suffered from a service-connected disability at the time of or during the processing of his claim, he could be awarded service connection even if his disability resolved before the claim was finally adjudicated and that staged ratings were available.

## II. DISCUSSION

For direct service connection to be awarded, there generally must be (1) medical evidence of a current disability; (2) medical evidence, or in certain circumstances, lay evidence of an in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. *See* 38 U.S.C.

2

§ 1110; *Duenas v. Principi*, 18 Vet.App. 512, 519 (2004); *Hickson v. West*, 12 Vet.App. 247, 253 (1999); *see also Caluza v. Brown*, 7 Vet.App. 498, 506 (1998) (holding that claim required "competent evidence of current disability (a medical diagnosis)[,] . . . of incurrence or aggravation of a disease or injury in service (lay or medical evidence)[,] . . . and of a nexus between the in-service injury or disease and the current disability (medical evidence)"), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table). As noted above, the parties agreed at oral argument that a disability was current if it had resolved by the time the Secretary adjudicated a claim and that staged ratings would be appropriate in such a case; however, they dispute the findings of the Board with regard to whether Mr. McClain had a disability that was recognized for purposes of VA benefits and whether any such disability was found to be service connected.

A. Current Disability and Staged Ratings

With regard to the requirement that a claimant have a current disability before service connection may be awarded for that disability, we agree with the parties' position as stated at oral argument that this requirement is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim and that a claimant may be granted service connection even though the disability resolves prior to the Secretary's adjudication of the claim. The U.S. Court of Appeals for the Federal Circuit has upheld the Secretary's interpretation of applicable statutes that a disability must not only be service connected to be awarded VA disability compensation, it must also be current at the time a claim is filed. *See Gilpin v. West*, 155 F.3d 1353 (Fed. Cir. 1998); *Degmetich v. Brown*, 104 F.3d 1328 (Fed. Cir. 1997). Moreover, the law contemplates that entitlement to service-connected disability compensation benefits may arise after the receipt of a claim. *See* 38 U.S.C. § 5110(a) (effective date for compensation or pension claims "shall be fixed in accordance with the facts found, but shall be no earlier than the date of receipt of application therefor"); 38 C.F.R. § 3.400 (2006) (generally, effective date of a compensation or pension claim "will be the date of receipt of the claim or the date entitlement arose, whichever is later"). We further agree with the parties that under such circumstances a claimant would be entitled to consideration of "staged ratings." *See Fenderson v. West*, 12 Vet.App. 119, 126 (1999).

3

B. Board's Findings of Fact

The Secretary's argument that service connection is not warranted in this case because the Board never found that there was a nexus between Mr. McClain's service and his current disability is not supported by the record. Although we agree with the Secretary that the Board's statement of reasons or bases is not a model of clarity with regard to its finding of whether there was a nexus, such a degree of clarity, although certainly preferred, is not and cannot be demanded in every instance or finality would forever be delayed pending perfection in draftsmanship. What is required is that the Board's statement of reasons or bases be sufficiently clear to be understandable and to facilitate review. *See Simmons v. Principi*, 17 Vet.App. 104, 115 (2003); *see also* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). The Board decision meets this requirement.

Mr. McClain filed his claim in September 1994. Based on an October 1995 examination report that stated that Mr. McClain's depression "was due to multiple somatic problems, probably due to Gulf War Syndrome" and an August 1997 examination report that contained a diagnosis that Mr. McClain suffered from "possible Gulf War Syndrome as manifested by memory loss, joint pain, and headaches," the Board found that the evidence of record reflected that Mr. McClain had been "diagnosed with major depression[,] which two physicians found to be, at least in part, causally related to his service in Southwest Asia during the Persian Gulf War." R. at 20. Despite this evidence, however, the Board went on to state: "Notwithstanding, in this case, service connection for major depression cannot be granted. This is so because the veteran is no longer currently diagnosed with major depression." R. at 21.

We recognize that the Board's discussion of the two medical examination reports noted above reflects the Board's specific findings with regard to each of these reports, as opposed to the Board's weighing of the collective evidence. We further note that the Board might have avoided altogether any specific finding of its own with regard to whether Mr. McClain's depression was caused by service and rested on its erroneous conclusion that service connection could not be granted because, as the Board also stated, "[e]ssentially, the medical evidence shows that the veteran's depression has resolved." R. at 21. However, this is not what the Board did.

The Board could have summarized the evidence by stating two medical examination reports attributed Mr. McClain's depression, at least in part, to his service, as it had done when describing

4

its view of those reports, but it did not. Rather, the Board went on to summarize its overall view of the collective evidence and explicitly stated that Mr. McClain's "major depression, although attributed at least in part to his service in the Persian Gulf, has been shown by the medical evidence to have resolved." R. at 22. The Board also stated as part of its overall assessment of the evidence that Mr. McClain had a current diagnosis of a personality disorder and concluded: "There is therefore no current psychiatric disability manifested which may be service connected." We see no ambiguity here.

The Board's finding that Mr. McClain suffered from major depression in part due to his service is favorable to Mr. McClain and may not be overturned by the Court. *See* 38 U.S.C. § 7261(a)(4) (only a "finding of material fact adverse to the claimant" may be overturned if clearly erroneous); *Medrano v. Nicholson*, __ Vet.App. __, __, 2007 WL 1201524, at *4 (Apr. 23, 2007) (noting that Court is not permitted to reverse Board's favorable findings of fact); *see also Snyder v. Principi*, 15 Vet.App. 285, 299 (2001) (holding that, except where the Board lacked jurisdiction in the first instance, "there is no case or controversy as to a [Board] determination that was favorable to an appellant").

Although the Board's assessment of the overall evidence does not explicitly state that Mr. McClain suffered from depression at the time he filed his claim or during the processing of that claim or that his depression resolved itself only after his claim was filed, it is clear from the Board's earlier findings that the Board relied on medical opinions from 1995 and 1997 with regard to its conclusion that Mr. McClain suffered from depression related to his service, and relied on a 2003 medical examination for its conclusion that his depression had "resolved." Each of these medical examination reports postdated the filing of Mr. McClain's claim, thus permitting the only interpretation of the Board's decision as finding that his depression had resolved itself during the processing of his claim. *See Stankevich v. Nicholson*, 19 Vet.App. 470, 472 (2006) (reviewing Board's implicit findings of fact). Because the Board implicitly found that Mr. McClain had depression at some point during the processing of his claim, Mr. McClain had a current psychiatric disability manifested that may be service connected. *See Hickson* and *Caluza,* both *supra*; *see also Gilpin* and *Degmetich*, both *supra*. Accordingly, the Board erred in its determination that service connection must be denied because Mr. McClain "no longer manifest[ed] a psychiatric disability"

5

at the time that the Board rendered its decision. R. at 21; *see also* R. at 22 ("There is therefore no current psychiatric disability manifested which may be service connected.").

Further, based on the explicit finding of the Board that Mr. McClain's depression was attributable in part to his service and its implicit finding that his depression had resolved during the processing of the claim, and based on the record as a whole, the Court is left with the definite and firm conviction that the Board erred in its determination that the evidence preponderated against the claim. *See Padgett v. Nicholson*, 19 Vet.App. 133, 146-47 (2004) (en banc) ("if the Court has '"the definite and firm conviction that a mistake has been committed"' by the Board in finding that the evidence preponderated against the claim on a finding of material fact, then [38 U.S.C. §] 7261(a)(4) and [38 U.S.C. §] 7261(b)(1) require that such finding be held clearly erroneous and be reversed or set aside"); *see also Mariano v. Principi*, 17 Vet.App. 305, 314 (2003) (concluding that there was no plausible basis in the record for the Board's factual determination that the evidence preponderated in support of a finding that the appellant's arthritis was not a residual of his service-connected gunshot wound).

### C. Remand

On remand, Mr. McClain may present any additional evidence and argument in support of the matter remanded, and the Board must consider any evidence and argument so presented. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. *See* 38 U.S.C. § 7112.

### III. CONCLUSION

Upon consideration of the foregoing, that part of the November 30, 2004, decision of the Board denying Mr. McClain service connection for a psychiatric disability, to include major depression, is REVERSED, and the matter is REMANDED to the Board for further adjudication and the assignment of an effective date and a disability rating, to include "staged ratings" as appropriate.

REVERSED and REMANDED.

GREENE, *Chief Judge*, concurring in part and dissenting in part: I concur with the majority's holding that, where there is a finding of (1) an in-service event, (2) the existence of a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, and (3) a nexus between the two, a claimant may be granted service connection even though the disability had resolved prior to the Secretary's adjudication of the claim. I thus agree with the reversal of the Board's finding that Mr. McClain could not be awarded service connection because he did not manifest current symptoms of a psychiatric disability.

I do not agree, however, with the majority's interpretation of the Board's decision regarding the cause of Mr. McClain's depression. The majority holds: "Based on an October 1995 examination report . . . and an August 1997 examination report . . . *the Board found* that the evidence of record reflected that Mr. McClain had been 'diagnosed with major depression[,] which two physicians found to be, at least in part, causally related to his service in Southwest Asia during the Persian Gulf War.'" *Ante* at 4 (quoting R. at 20) (emphasis added). This statement by the Board was not a finding, however, but merely a recitation of the facts. The majority overlooks that, as part of that same paragraph, the Board also discussed the September 2003 VA examination report and stated:

> The [2003] examiner noted that he reviewed the veteran's claims file. That he reviewed the claims file in its entirety is reflected in the examiner's recitation of the veteran's history–both the history that was reported to the examiner by the veteran, and also that which the examiner gleaned from his review of the record. Finally, in finding that the veteran does not exhibit major depression as a diagnosis, the examiner explains that *the veteran's previous depressive episode occurred in conjunction with alcohol abuse and at the time he was experiencing his wife leaving, loss of his job, and health problems*. These problems have since resolved.

R. at 21 (emphasis added). A review of the record reveals that the September 2003 examination concluded:

> The major depression episode that is reflected in [Mr. McClain's] history occurred in conjunction with alcohol abuse and when his behaviors had resulted in his wife leaving him, and when he was refused employment because of the results of blood tests for drug screening, and when he was having pulmonary problems.

R. at 641. Nothing in the record indicates that Mr. McClain is service connected for pulmonary problems. *See* R. at 1-771. Although the Board found that the September 2003 examination report was "the most current medical evidence of record" and "highly probative" (R. at 21), its discussion of reasons or bases focused on the matter of current disability and the incorrect conclusion that,

7

regardless of nexus, service connection could not be awarded because Mr. McClain's depression had resolved. The Board's statement of reasons or bases was thus insufficient for the Court's informed review. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995).

The majority also relies on the Board's statement that Mr. McClain's major depression was "attributed at least in part to his service in the Persian Gulf" to hold that the Board found that Mr. McClain's depression was related to service. *Ante* at 5. Read in context, however, the Board's statement is not a finding. R. at 22. The Board stated:

> The veteran asserts that he suffers from a psychiatric disability, claimed as due to an undiagnosed illness as a result of service in the . . . Persian Gulf War. . . . He avers, in the alternative that these symptoms are the result of his active service. However, . . . the medical evidence simply does not support this position. Firstly, his psychiatric symptoms have been diagnosed as major depression and personality disorder, not otherwise specified. Thus, there is no undiagnosed illness to warrant grant of service connection. Secondly, his major depression, although attributed at least in part to his service in the Persian Gulf, has been shown by the medical evidence to have resolved. His current diagnosis is of a personality disorder, not otherwise specified. There is therefore no current psychiatric disability manifested which may be service connected.

*Id*. The Board did not state that *it* was attributing Mr. McClain's depression to his service. *See id*. The Board only referenced, as part of its discussion, that the depression had since resolved and was therefore no longer service connectable, that the depression had previously been attributed to his service in the Persian Gulf. *Id*. Although the statement is factually correct, the Board still has the duty to assess the credibility and probative weight of evidence. *See Washington v. Nicholson*, 19 Vet.App. 362, 367-68 (2005); *Wood v. Derwinski*, 1 Vet.App. 190, 192 (1991).

"The Court is generally precluded from finding facts in the first instance." *Medrano v. Nicholson*, __ Vet.App. __, __, No. 04-1009, slip op. at 7 n.1 (Apr. 23, 2007). I disagree with the majority's determination that the Board's statement of reasons or bases was sufficiently clear to be understandable and to facilitate review. *See Simmons v. Principi*, 17 Vet.App. 104, 115 (2003); *Allday*, 7 Vet.App. at 527; *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). The Board did not specifically discuss or make any findings concerning the nexus element of Mr. McClain's claim, and as such the Court should remand the matter for the Board to make that factual determination in the first instance. *See Medrano, supra*; *see also Daves v. Nicholson*, 21 Vet.App. 46 (2007) (remand

of matter for further adjudication generally is appropriate when statement of reasons or bases is inadequate); *Tucker v. West*, 11 Vet.App. 369, 374 (1998).  Therefore, I respectfully dissent.