﻿Citation Nr: AXXXXXXXX
Decision Date: 01/11/19 Archive Date: 01/11/19

DOCKET NO. 180723-610
DATE: January 11, 2019

ORDER

Entitlement to service connection for radiculopathy of the left lower extremity is denied.

Entitlement to service connection for radiculopathy of the right lower extremity is denied.

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for tinnitus (claimed as ringing of the ears) is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of radiculopathy of the left lower extremity.

2. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a current diagnosis of radiculopathy of the right lower extremity.

CONCLUSIONS OF LAW

1. The criteria for service connection for radiculopathy of the left lower extremity are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for radiculopathy of the right lower extremity are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from September 1979 to September 1982.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

1. Radiculopathy of the Lower Extremities 

The Veteran contends that he is entitled to service connection for radiculopathy of the lower extremities secondary to his service connected degenerative arthritis of the lumbar spine. 

Secondary service connection may be established for a disability that is proximately due to, the result of, or aggravated beyond its natural progression by a service connected condition and shall be service connected on a secondary basis. 38 C.F.R. § 3.310(a); see also Allen v. Brown, 7 Vet. App. 439 (1995). Establishing secondary service connection requires evidence of: (1) a current disability (for which secondary service connection is sought); (2) an already service-connected disability; and (3) that the claimed disability was either caused or aggravated by the already service-connected disability. Id. 

The Board concludes that the Veteran does not have a current diagnosis of radiculopathy of either the right or left lower extremity and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The April 2016 VA examiner evaluated the Veteran and determined that he does not have any signs, symptoms, or pain due to radiculopathy. Furthermore, the treatment records and Social Security Administration records do not contain a diagnosis of radiculopathy of the lower extremities.

The Board notes the Veteran’s contention that the private medical records indicate pain in the lower extremities. Review of the records reveal a complaint of low back pain radiating into the lower extremities. The treatment notes report that the Veteran has an element of radicular irritation symptoms; however, there is no indication that there were any diagnostic tests to confirm the presence of radiculopathy. Instead, the statement appears to be based on the Veteran’s self-reported medical history, which is inconsistent with the April 2016 VA examination that found no signs or symptoms of radiculopathy. Consequently, the Board gives more probative weight to the VA examiner’s findings.

While the Veteran believes he has a current diagnosis of radiculopathy of the lower extremities, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). As such, service connection for radiculopathy of the lower extremities due to the Veteran’s service connected degenerative arthritis of the lumbar spine is denied. 

Additionally, service connection is not warranted on a direct basis, as the evidence is against finding that the Veteran has a current disability of radiculopathy of the lower extremities. 38 U.S.C. §§ 1110, 1131; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d). 

REASONS FOR REMAND

The issue of entitlement to service connection for bilateral hearing loss and tinnitus is remanded to correct a duty to assist error that occurred prior to the July 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a March 2016 medical opinion prior to the July 2018 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s bilateral hearing loss and tinnitus had its onset in service or is otherwise related to service.

The March 2016 VA examiner concluded that, even though the Veteran’s military occupational specialty concedes a high probability for hazardous noise, acoustic trauma during active service could not be conceded because the Veteran did not have any shifts in puretone thresholds during active duty. Review of the service treatment records clearly reflect a puretone threshold shift from September 1979 to June 1982 of positive five in the left and right ear. See STR-Medical February 2016. A medical opinion based on an inaccurate factual background has no probative value. Furthermore, a VA examiner may not generally rely on the absence of evidence as negative evidence. See Fountain v. McDonald, 27 Vet. App. 258, 272-75 (2015) 

The matters are REMANDED for the following action:

1. Obtain an addendum medical opinion from a medical professional with appropriate expertise. The examiner should review the Veteran’s claims file, including a copy of this remand, and comment on the following questions:

(a.) Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s bilateral hearing loss is related to active service, or is caused by or aggravated by military service.

(b.) Whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s tinnitus is related to active service, or is caused by or aggravated by military service.

The examiner must consider and address the Veteran’s puretone threshold shifts noted in the service treatment records from September 1979 to June 1982. Additionally, the examiner is to address all lay statements and assume the Veteran is competent to report on acoustic trauma he was exposed to during active duty and of any hearing loss and tinnitus symptomology he experienced at that time and thereafter. 

A complete rationale for all medical opinions is required. The examiner should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusion(s).

If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. A. Prinsen, Associate Counsel