﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190508-5534
DATE: July 30, 2019

ORDER

Entitlement to service connection for prostate cancer is denied.

FINDING OF FACT

The evidence of record does not show that the Veteran has, at any point during the appeal period, had a diagnosis for prostate cancer.

CONCLUSION OF LAW

The criteria for service connection for prostate cancer have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from April 1967 to May 1970, to include service in the Republic of Vietnam. The Board notes that the rating decision on appeal was issued in April 2019. In May 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran seeks service connection for prostate cancer because of his exposure to herbicide agents, including Agent Orange, in service. See May 2018 and January 2019 VA Forms 21-526EZ.

As noted above, the Veteran’s military service included service in the Republic of Vietnam; therefore, he is presumed to have been exposed to herbicide agents therein. 38 U.S.C. § 1116(a)(1)(A); 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Prostate cancer is also on the list of diseases for which presumptive service connection can be awarded if the evidence indicates exposure to an applicable herbicide agent. 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Therefore, the question for the Board to resolve in this case is whether the Veteran has had a diagnosis of prostate cancer at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The Board finds that prior to the April 2019 rating decision on appeal, there is no evidence that the Veteran has ever had a diagnosis of prostate cancer or other prostate condition. His service treatment records are silent for any complaints, findings, treatment, or diagnoses related to the prostate. His VA treatment records dated from 2010 to 2018 also show that although he has been noted to have findings of enlarged prostate on several occasions, his PSA (prostate-specific antigen) readings have been determined to be within normal limits and the Veteran has not been diagnosed with prostate cancer or any other prostate condition. Without a current diagnosis of a disability, the Board is unable to grant a claim for service connection. Brammer v. Derwinski, 3 Vet. App 223, 225 (1992).

(Continued on the next page)

 

As the Veteran does not have a diagnosis of prostate cancer or any other prostate condition, there is no current disability and the first element of service connection has not been met. Therefore, service connection must be denied. In reaching this decision the Board considered the doctrine of reasonable doubt; however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K.R.Fletcher, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.