﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190612-12411
DATE: February 27, 2020

ORDER

Entitlement to service connection for a lower back disability is denied.

FINDING OF FACT

The Veteran has not had a lower back disability during the course of his claim and appeal.

CONCLUSION OF LAW

The criteria for entitlement to service connection for a lower back disability have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1964 to March 1965.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

In March 2019, the Veteran filed a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), opting into the AMA, requesting a Direct Review, and indicating that he would not submit additional evidence in support of his appeal. Accordingly, pursuant to 38 C.F.R. § 20.202(b)(1), the Board will only consider the evidence of record as of the date of the March 12, 2019 rating decision. This decision has been written consistent with the new AMA framework.

1. Entitlement to service connection for a lower back disability

Service connection will be granted if the evidence demonstrates that the current disability resulted from an injury or disease incurred in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303 (a). Establishing direct service connection generally requires competent evidence of three things: (1) current disability; (2) in-service disease or injury; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, direct service connection is warranted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

The Veteran contends that he suffers from a lower back disability which was caused by a back injury during service.

The record does not include any VA or private treatment records, and there is no evidence indicating that there are any outstanding VA or private treatment records. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board”).

The Veteran was afforded a VA examination in February 2019, in which, the examiner noted that the Veteran does not have a diagnosis for any thoracolumbar spine disability. The examiner documented the Veteran’s report that he had injured his back in service while in service. The Veteran reported that he has been treated by chiropractors in the past on a couple of occasions for temporary relief but denied any other treatment for his back. No pain was noted during the examination. 

Considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to service connection for a lower back disability. The preponderance of the evidence reflects that the Veteran does not have and has not had at any time during the pendency of the claim or approximate thereto, Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013) (Board erred in failing to address pre-claim evidence in assessing whether a current disability existed, for purposes of service connection, at the time the claim was filed or during its pendency), McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board’s adjudication of the claim), a lower back disability or related disability or symptoms that cause impairment in earning capacity. Saunders v. Wilkie, 886 F.3d 1356, 1364-65 (Fed. Cir. 2018) (pain need not be diagnosed as connected to a current underlying condition to function as an impairment and pain alone can be considered a disability under 38 U.S.C. § 1110); Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009) (a claim should not be limited to the disorder as characterized by the Veteran, but must be characterized and addressed based on the reasonable expectations of the non-expert claimant and the evidence in processing the claim). There is no evidence in the Veteran’s post-service medical history of any signs, notations, or a diagnosis of a lower back disability. The February 2019 examiner determined that the Veteran did not meet the criteria for a lower back disability. Moreover, the medical and lay evidence does not reflect lower back symptoms that caused impairment in earning capacity. 

For the foregoing reasons, the preponderance of the evidence is against the claim for service connection for a lower back disability. The benefit of the doubt doctrine is therefore not for application and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Hammad Rasul, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.