﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200222-66378
DATE: January 29, 2021

ORDER

Service connection for tinnitus is granted.

REMANDED

Service connection for bilateral hearing loss is remanded.

FINDING OF FACT

The evidence is at least in equipoise that the Veteran’s tinnitus is related to his in-service noise exposure. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1112, 1113, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 2000 to June 2004.

This matter is on appeal from a February 2019 decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In the February 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran selected Direct Review by a Veterans Law Judge. Therefore, the Board may only consider the evidence of record at the time of decision on appeal. 38 C.F.R. § 20.301. 

Tinnitus

The Veteran contends that he is entitled to service connection for tinnitus. 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). 

Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the current disability and an in-service precipitating disease, injury or event. Fagan v. Shinseki, 573 F.3d 1282, 1287 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a). 

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, including organic diseases of the nervous system, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309. 

If a condition listed as a chronic disease in § 3.309(a) is noted during service but is either shown not to be chronic or the diagnosis could be legitimately questioned, then a showing of continuity of related symptomatology after discharge is required to support the claim. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

The claimant may establish service connection by continuity of symptomatology. Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was “noted” during service; (2) there is post service evidence of the same symptomatology; and (3) there is medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post service symptomatology. See Savage v. Gober, 10 Vet. App. 488 (1997). 

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may include statements conveying sound medical principles found in medical treatises. Competent medical evidence may also include statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). 

Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. For example, lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing observable symptoms or relating a contemporaneous medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

When determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In this case, the record reflects that the AOJ made a favorable finding that the Veteran has a diagnosis of tinnitus. Thus, the first element of Shedden is satisfied. Further, the record reflects that the AOJ made a favorable finding that the Veteran’s Military Occupational Specialty (“MOS”) of Field Radio Operator had moderate exposure to acoustic trauma. Thus, the second element of Shedden is satisfied, as well. 

In July 2016, the Veteran was provided with a VA examination in which the examiner opined that the Veteran’s tinnitus is less likely than not caused by or a result of military noise exposure. The examiner, an audiologist, stated that the Veteran’s hearing was within normal limits at separation and on today’s examination, and there is no mention of tinnitus in the Veteran’s service treatment records. As the rationale reflects consideration of the Veteran’s service records and his circumstances of service, the Board assigns a moderate to high degree of probative value to this opinion.

In August 2018, VA received an opinion in which the clinician opined that the Veteran’s tinnitus is at least as likely as not due to or related to military acoustic trauma during active duty military service. The clinician discussed the Veteran’s service treatment records, circumstances of service, and medical literature regarding the association between hazardous noise exposure and tinnitus. As this rationale reflects thorough consideration of the etiology of the Veteran’s tinnitus, the Board assigns a high degree of probative value to this opinion.

As such, the Board finds that the evidence is at least in equipoise that the Veteran’s tinnitus is related to his in-service noise exposure. Accordingly, and having resolved all reasonable doubt in the Veteran’s favor, the Board concludes that service connection for tinnitus is warranted, and the claim is granted. 38 U.S.C. §§ 1110, 1112, 1113, 5107(b); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309(a).

REASONS FOR REMAND

Service connection for bilateral hearing loss is remanded.

The Veteran contends that he is entitled to service connection for bilateral hearing loss. However, the Board finds that a hearing examination must be scheduled to determine whether the Veteran currently meets the definition of hearing impairment. 

For the purposes of applying the laws administered by VA, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

The record reflects that the Veteran was provided with a VA examination in July 2016 in which his puretone thresholds in decibels did not meet the definition of hearing impairment set forth in 38 C.F.R. § 3.385. However, the record does not reflect that the Veteran has been provided with a hearing examination at any point during the period on appeal. The current disability requirement is satisfied when the claimant has a disability at the time the claim is filed or during the pendency of the appeal. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). The Board is unable to determine whether the Veteran meets the criteria to establish a current disability, as he has not been provided with an audiometry test since the July 2016 examination. As the Veteran has not been provided with a VA examination during the appeal period, a hearing examination must be scheduled to correct this pre-decisional duty to assist error. 

The matters are REMANDED for the following action:

Schedule an examination with an appropriate clinician for the Veteran’s claim for service connection for bilateral hearing loss. The reviewing clinician should be requested to provide an opinion (based on a review of the record) to answer the following:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran has bilateral hearing loss that was incurred in service or is otherwise related to an in-service injury, disease, or event?

A complete rationale for all opinions must be provided. If the clinician cannot provide a requested opinion without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation. The clinician must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the clinician must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

 

 

M. MILLS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. H. White, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.