﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200406-76142
DATE: March 31, 2021

ORDER

Entitlement to service connection for a bone fracture, left humerus, is denied.

REMANDED

Entitlement to service connection for a bilateral flatfoot condition is remanded.

Entitlement to service connection for bilateral plantar fasciitis is remanded.

Entitlement to service connection for a left ankle condition is remanded.

FINDING OF FACT

At no time during the pendency of the claim did the Veteran have a current diagnosis for a bone fracture to the left humerus, or residuals thereof.

CONCLUSION OF LAW

The criteria for service connection for a bone fracture, left humerus, have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1997 to August 2001, from October 2009 to June 2010, and from June 2012 to September 2012. 

A rating decision was issued under the legacy system in June 2018 and the Veteran submitted a timely notice of disagreement (NOD). In March 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a timely VA Form 10182, Decision Review Request: Board Appeal (NOD) identifying the March 2020 SOC; therefore, the March 2020 SOC is the decision on appeal.

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the March 2020 SOC. 38 C.F.R. § 20.301.

The Board acknowledges that the April 2019 legacy NOD also identified bone fractures of the right tibia. This matter was not adjudicated in the June 2018 rating decision. Therefore, the Board cannot adjudicate that issue. The Veteran may resubmit the claim to the AOJ or notify the AOJ that the issue is still pending.

1. Entitlement to service connection for a bone fracture, left humerus, is denied.

The Veteran seeks service connection for bone fractures. 

The requirement that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim, even if the disability resolves prior to the adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). Here, the Veteran has not submitted any evidence that she has a current diagnosis for a bone fracture of the left humerus. 

The Veteran filed her VA Form 21-526EZ (Application for VA disability benefits) in March 2018, which she identified as bone fracture(s) without identifying a specific fracture or body part. See March 2018 VA Form 21-526EZ. The evidence shows a history of childhood injury of a broken arm specifically left humerus. See October 2015 Service Treatment Record p. 6. 

Additionally, while the Veteran appeared to indicate in the April 2019 NOD that her left humerus condition onset after the line of duty with the United States Air Force Reserves in June 2013, she later indicated that her claim for service connection for a bone fracture was directed towards her two stress fractures in service, not her childhood injury of her humerus. See April 2020 Correspondence. 

Furthermore, VA treatment records do not reflect treatment for a left humerus fracture or residuals thereof.

In light of the evidence, the Board finds that the Veteran does not have a current disability for a bone fracture, left humerus and the first element of service connection has not been established. See Holton, 557 F.3d at 1366.

In the absence of a current disability, the evidence preponderates against the claim and there is no reasonable doubt to be resolved. Accordingly, service connection for a bone fracture, left humerus, must be denied. See 38 C.F.R. § 5107(b); 38 C.F.R. § 3.102; see also Romanowski v. Shinseki, 26 Vet. App. 289, 294 (2013)

REASONS FOR REMAND

Although the Board regrets the delay, remand is necessary to correct pre-decisional duty to assist errors and ensure that there is a complete record on which to decide the Veteran’s claim for entitlement to service connection for the remaining claims.

2. Entitlement to service connection for bilateral flatfoot is remanded.

The Veteran contends that her bilateral flat foot condition is related to her active service. In February 2018, the Veteran was provided a VA examination for her foot conditions. The report indicates that the Veteran has a diagnosis for bilateral flat feet. See February 2018 VA examination. 

The Veteran contends that her current flat foot condition was a result of wearing combat boots and standing for long periods during service. See April 2020 Correspondence. However, the February 2018 VA examination report did not contain a nexus opinion regarding the etiology of the Veteran’s flat foot condition. The Board acknowledges that once VA undertakes the effort to provide an examination when developing a service connection claim, an adequate examination must be provided. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Further, the failure to provide an adequate examination constitutes a pre-decisional duty to assist error. As such, a remand is required to obtain a new examination and opinion. See 38 C.F.R. § 20.802(a).

3. Entitlement to service connection for bilateral plantar fasciitis is remanded.

The Veteran contends her bilateral plantar fasciitis is related to repeated injuries and stress to her feet and ankles during physical training in military service. See April 2020 Correspondence.

The Veteran was afforded a VA examination in February 2018. The examiner concluded it was less likely than not that the Veteran’s bilateral plantar fasciitis was incurred in or caused by active duty service. The examiner reasoned that the Veteran’s last active duty period ended in September 2012 and her first report of bilateral foot pain and a diagnosis of plantar fasciitis was in July 2016. The examiner also noted that there were no documented reports of bilateral foot pain while on active duty service. See February 2018 VA examination. 

The examiner found that there was no in-service documentation to support the Veteran’s claim for bilateral plantar fasciitis. However, the examiner failed to consider the Veteran’s contentions that the Veteran’s stress fractures, repeated injures and stress to the Veteran’s feet and ankles, and repeated impact on concrete while in service impacted the Veteran’s current disability of bilateral plantar fasciitis. See April 2020 Correspondence.

The examiner implied that the presence of bilateral plantar fasciitis could not have existed without documentation. In so concluding, the examiner implicitly rejected the Veteran’s statement that she has continuously experienced feet pain because the report of symptoms was not supported by contemporaneous medical evidence. Especially given no reason to reject the credibility of the lay statements, the Board finds the rejection of lay symptomatology to be in error. See Barr, 21 Vet. App. at 310 (“The Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms.”). Remand is required to correct this pre-decisional duty to assist error. 

In sum, the Board finds that an additional examination is necessary in order to fully consider the evidence of record. See Barr, 21 Vet. App. at 312; 38 C.F.R. § 20.802(a).

4. Entitlement to service connection for a left ankle condition is remanded.

The Veteran was afforded a VA examination in February 2018. The examiner concluded it was less likely than not that the Veteran’s left ankle sprain with residuals was incurred in or caused by active duty service. The examiner reasoned that there were no documented reports of left ankle pain while on active duty. The examiner noted the Veteran first reported a one-year history of left ankle pain secondary to an altered gait related to her June 2013 right tibial stress fracture. However, her March 2016 x-ray results were negative for any left ankle conditions. It was not until her 2017 MRI that her left ankle showed signs of talofibular ligament injury and mild to moderate degenerative changes to the foot. See February 2018 VA examination.

In so concluding, the examiner implicitly rejected the Veteran’s statement she had continuous residual injuries from the Veteran’s left ankle condition which were related to the Veteran’s bilateral plantar fasciitis and bone fractures because the report of symptoms was not supported by contemporaneous medical evidence. Especially given no reason to reject the credibility of the lay statements, the Board finds the rejection of lay symptomatology to be in error. See Barr, 21 Vet. App. at 310. Remand is required to correct this pre-decisional duty to assist error. 

In addition, the RO must obtain an addendum VA medical opinion regarding the Veteran’s service connection claim for a left ankle condition because the evidence of record suggests the Veteran had a left ankle injury prior to service. See October 2015 Service Treatment Record p. 6. The VA examiner must address whether the evidence clearly and unmistakably shows that a left ankle injury pre-existed active service; this finding will impact the applicable standard for the etiology opinion.

In sum, the Board finds that an additional examination is necessary in order to fully consider the evidence of record. See Barr, 21 Vet. App. at 312 (2007); 38 C.F.R. § 20.802(a).

As a final note, the Board notes the Veteran’s report that several of her disabilities are related to injury incurred in 2013, when she was in the Reserves. While there the Veteran has submitted treatment records surrounding this timeframe, particular periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) have not been verified and personnel/treatment records have not been obtained. This service must be corrected on remand. See 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. The AOJ should undertake appropriate development to verify the Veteran's service in the Reserve and any additional periods of ACDUTRA, INACTRUTRA or active duty during this timeframe. All service personnel and treatment records from the Veteran's Reserve service should be obtained and associated with the claims file. All efforts in this regard should be documented in the claims file.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of her claimed bilateral flat foot condition. 

The examiner must state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran’s current bilateral flat feet had its onset in service or was otherwise etiologically related to active service, to include any periods of verified ACDUTRA or INACDUTRA.

The examiner must address the Veteran’s contentions that her current diagnosis of bilateral flat feet was a result of wearing combat boots and long periods of standing during service. See April 2020 Correspondence.

The examiner is also advised that the Veteran is competent to report symptoms and treatment and that her reports, including her reports as to the onset and nature of her symptoms, must be taken into account, along with the other evidence of record, in formulating the requested opinions.

The examiner should set forth all examination findings, along with the complete rationale for any conclusions reached.

3. Schedule the Veteran for a new examination to ascertain the nature and etiology of the Veteran’s bilateral plantar fascitis. 

The examiner must state whether it is at least as likely as not (a 50 percent probability or greater) that the Veteran’s bilateral plantar fascitis had its onset in service or was otherwise etiologically related to active service, to include any periods of verified ACDUTRA or INACDUTRA

The examiner must address the Veteran’s contentions that her stress fractures, repeated injures and stress to the Veteran’s feet and ankles, and repeated impact on concrete while in service impacted the Veteran’s current disability of bilateral plantar fasciitis. See April 2020 Correspondence.

The examiner is also advised that the Veteran is competent to report symptoms and treatment and that her reports, including her reports as to the onset and nature of her symptoms, must be taken into account, along with the other evidence of record, in formulating the requested opinions.

The examiner should set forth all examination findings, along with the complete rationale for any conclusions reached.

4. Schedule a new examination to ascertain the nature and etiology of the Veteran’s left ankle condition. 

(a.) Did the Veteran’s current left ankle disability pre-exist service? See October 2015 Service Treatment Record p. 6. 

(b.) If so, then was the pre-existing left ankle disability NOT aggravated by an in-service event, injury or illness?

(c.) If not, is it at least as likely as not (50 percent probability or greater) that the Veteran’s left ankle disability onset in service or is otherwise caused by active service, to include any periods of verified ACDUTRA or INACDUTRA? 

The examiner is also advised that the Veteran is competent to report symptoms and treatment and that her reports, including her reports as to the onset and nature of her symptoms, must be taken into account, along with the other evidence of record, in formulating the requested opinions.

The examiner should set forth all examination findings, along with the complete rationale for any conclusions reached.

 

 

G. E. Wilkerson

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Emily A. Kotroco

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.