Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210518-161081
DATE: July 14, 2021

ORDER

Entitlement to service connection for tinnitus is granted. 

FINDING OF FACT

Tinnitus is related to service-connected bilateral hearing loss disability. 

CONCLUSION OF LAW

The criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1963 to June 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a rating decision by a U.S. Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed an April 2019 notice of disagreement against the decision and requested direct Board review pursuant to the Appeals Modernization Act.

Service Connection

The Veteran claims that he incurred tinnitus during service. 

 Relevant legal authority

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

Service connection may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence showing (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be granted to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on the merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996). 

 Evidence and analysis

The evidence in this matter consists of the Veteran's lay assertions, service treatment records, service personnel records, VA treatment records, and VA compensation examination reports dated in May 2014 and April 2021. 

A service connection finding is warranted for the following reasons.

First, the evidence shows that the Veteran has tinnitus. 

The April 2021 VA examiner indicated that the Veteran denied having tinnitus. But medical and lay evidence dated since 2014 indicates otherwise. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the requirement of a current disability is satisfied when the claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim). Tinnitus is noted in the May 2014 VA report, in VA treatment records dated until April 2018, and in multiple lay assertions of record dated since 2014. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (a layperson is competent to describe observable symptomatology). 

Second, the May 2014 VA examiner connected tinnitus to service-connected bilateral hearing loss disability. 

The April 2021 VA examiner found bilateral hearing loss disability related to the Veteran's service as a boiler technician/repairman in the U.S. Navy. In response, in May 2021, the RO granted service connection for bilateral hearing loss disability effective in July 2018. 

(Continued on the next page)

 

Again, the April 2021 report indicates the Veteran denied having tinnitus. But the May 2014 VA examiner stated that, "tinnitus was most likely secondary to the hearing loss and also associated with occupational and/or recreational noise." In light of the recent grant of service connection for bilateral hearing loss disability, this opinion now corroborates a claim of entitlement to service connection on a secondary basis. 38 C.F.R. § 3.310. The opinion is probative, moreover. It is explained with citation to facts in the record, it is based on a review of the claims file, it is based on an examination and interview of the Veteran, and it is consistent with the evidence in the record noting repeated complaints of tinnitus and noting exposure to loud noises during naval service. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician's statement is dependent, in part, upon the extent to which it reflects clinical data or other rationale to support the opinion). 

Based on the foregoing evidentiary background, the Board cannot find that a preponderance of the evidence is against the claim. As such, this is an appropriate case in which to invoke VA's doctrine of reasonable doubt, grant the Veteran the benefit of the doubt, and grant the claim. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Christopher McEntee, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.