Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200311-70012
DATE: July 30, 2021

REMANDED

Entitlement to service connection for a right hip condition is remanded.

Entitlement to service connection for a neck condition is remanded.

Entitlement to service connection for headaches, to include tension and chronic migraine headaches, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1998 to August 2001. 

A rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) was issued under the legacy system in August 2017. The Veteran timely filed a notice of disagreement in August 2018. 

However, in January 2019, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. 

The RO issued a RAMP HLR decision in March 2019. 

On a March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in. 38 C.F.R. § 20.301.

Right Hip Disability, Neck Disability, and Headache Disability

The Veteran contends that her right hip and neck disabilities are secondary to an altered gait caused by her service-connected right foot disability. The Veteran also contends that her headaches are related to her right foot disability. See July 2017 VA Form 21-526EZ. 

For the reasons stated below, a remand is necessary to correct pre-decisional duty to assist errors; specifically, to obtain adequate VA medical opinions. 

In conjunction with her claims, VA examinations were provided to the Veteran in August 2017. According to the respective VA Disability Benefits Questionnaires (DBQs), the examiner indicated that the Veteran did not have a right hip, neck or headache disability and indicated that there is no pathology to account for the complaints of pain. The examiner did acknowledge a private diagnosis of cervicalgia but indicated (incorrectly) that pain is not a diagnosable condition for which service connection is available. 

The Board finds the 2017 VA examinations inadequate to decide the claims as the claims folder contains current diagnoses of claimed disabilities, including right hip arthritis, cervical spine spondylosis and degenerative disc disease, cervicalgia, tension headaches, and chronic migraine headaches. Indeed, service connection may be warranted if there was a disability present at any point during the claim period, even if not present at the time of the examination. See McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Moreover, as alluded to above, the examiner's statement that pain is not a diagnosable condition for which service connection may be warranted, is incorrect. To the contrary, a diagnosis is not required to meet the current disability requirement and pain alone can constitute disability if it causes impairment in earning capacity. Saunders v. Wilkie, 886 F.3d 1356, 1364-65 (Fed. Cir. 2018).

On remand, the RO must ensure that adequate etiology opinions are secured. Accordingly, new VA medical opinions are warranted. 

The matters are REMANDED for the following action:

1. Obtain another medical opinion addressing the nature and etiology of the Veteran's current right hip disability, to include arthritis. The claims file and a copy of this remand will be made available to the examiner, who will acknowledge receipt and review of these materials. 

After a review of the claims file, the examiner is asked to respond to the following: 

(a) The examiner must recognize the x-ray evidence of right hip arthritis (see April 2017 private medical record).

(b) Provide an opinion as to whether the right hip arthritis is at least as likely as not proximately due to the service-connected right foot disability. 

(c) Provide an opinion as to whether the right hip arthritis is at least as likely as not aggravated, i.e., worsened beyond its natural progression, by the service-connected right foot disability. 

In so doing, the examiner must address (i) the May 2016 private narrative regarding the Veteran's altered gait; (ii) the April 2017 private treatment record which diagnosed right hip arthritis; (iii) the June 2018 private medical opinion regarding the left hip and private medical opinion for the lumbar spine which identifies several articles addressing the relationship between an altered gait and hip disabilities. 

2. Obtain another medical opinion addressing the nature and etiology of the Veteran's current neck disability. The claims file and a copy of this remand will be made available to the examiner, who will acknowledge receipt and review of these materials. 

After a review of the claims file, the examiner is asked to respond to the following: 

(a) The examiner must recognize the diagnoses of cervicalgia, cervical spondylosis, and cervical spine degenerative disc disease as shown on April 2017 private medical records. 

(a) For each diagnosis, including current cervicalgia, cervical spondylosis, and cervical spine degenerative disc disease, provide an opinion as to whether it is at least as likely as not proximately due to the service-connected right foot disability. 

(b) For each diagnosis, including current cervicalgia, cervical spondylosis, and cervical spine degenerative disc disease, provide an opinion as to whether it is at least as likely as not aggravated, i.e., worsened beyond its natural progression, by the service-connected right foot disability.

In so doing, the examiner must address (i) the March 2016 and May 2017 private treatment records that note the Veteran's back pain may be related to her abnormal gait caused by her right foot disability; (ii) the May 2016 private narrative regarding the Veteran's altered gait; and, (iii) the diagnoses in the April 2017 private treatment record.

3. Obtain another medical opinion addressing the nature and etiology of the Veteran's current headache disability. The claims file and a copy of this remand will be made available to the examiner, who will acknowledge receipt and review of these materials. 

After a review of the claims file, the examiner is asked to respond to the following: 

(a) The examiner must recognize the current diagnoses of tension headaches and chronic migraine headaches. 

(b) For each headache disability, to include tension headaches and chronic migraines, provide an opinion as to whether it is at least as likely as not proximately due to the service-connected right foot disability. 

(c) For each headache disability, to include tension headaches and chronic migraines, provide an opinion as to whether it is at least as likely as not aggravated, i.e., worsened beyond its natural progression, by the service-connected right foot disability. 

In so doing, the examiner must address (i) the diagnosis in the March 2017 VA treatment record; and (ii) the March 2018 VA treatment record which diagnosed headaches and chronic migraines, noted the cervical spine disability may be related to the chronic migraines, and contained the Veteran's lay statement that her headaches had been ongoing since approximately the year 2000. 

(Continued on the next page)

 

A complete rationale should be provided for all opinions.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Moldawer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.