Citation Nr: 21050007
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 12-29 742
DATE: August 13, 2021

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include depression, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from June 1978 to August 1981 and from November 1981 to November 1984.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Commonwealth of Puerto Rico. In April 2018, April 2020 and March 2021, the Board remanded this claim for additional development. Regrettably, the Board must remand this claim again for an additional opinion. 

The Veteran has contended that his neuropsychiatric condition is secondary to his service-connected disabilities. He has been diagnosed with depression disorder NOS and has undergone VA psychiatric treatment and counseling. See e.g. September 2013 VA treatment record. 

Although an April 2021 VA examiner opined (without actual interview and examination) that the Veteran currently did not fulfill the criteria for any formal psychiatric diagnosis. Of particular note, a September 2013 VA treatment record notes an Axis I diagnosis for depression. While the Board acknowledges the opinion that the Veteran may be without a current diagnosis, the record reflects that the Veteran did have a diagnosis of depression at some point during the pendency of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007) (the presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim). Thus, service connection criteria requiring a current disability are satisfied.

Therefore, the VA examiner's opinion is inadequate because he indicated that the Veteran did not have a current psychiatric disability and could therefore not provide an opinion as to whether a psychiatric disability is due to the Veteran's service or service-connected disabilities.

The matter is REMANDED for the following actions:

1. Ask the Veteran to identify all outstanding treatment records relevant to his claim. All identified VA records should be added to the claims file, to include records dated since November 2020. All other properly identified records should be obtained if the necessary authorization to obtain the records is provided by the Veteran. If any records are not available, or the Veteran identifies sources of treatment but does not provide authorization to obtain records, appropriate action should be taken (see 38 C.F.R. § 3.159(c)-(e)), to include notifying the Veteran of the unavailability of the records. 

2. After records development is completed, the claims file should be sent to an appropriate examiner to offer an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any acquired psychiatric disorder diagnosed during the period on appeal onset during service or is otherwise related to an in-service injury, event, or disease.

The examiner should also address whether any current acquired psychiatric disorder is at least as likely as not (a) caused by, or (b) aggravated by (worsened beyond natural progression) any service-connected disability. 

The examiner is reminded that even if the Veteran does not have a currently diagnosed psychiatric disorder, he has had one during the pendency of the claim and, as such, has a disability for service connection purposes.

The need for an examination is left to the discretion of the examiner. A rationale for all opinions offered is requested as adjudicators are precluded from making any medical findings. 

 

 

Robert N. Scarduzio

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Kelsey Love, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.